Laramore *et al. vs.* Minish *et al.*

---

John L. Laramore *et al.*, plaintiff in error *vs.* John Minish *et al.*, defendants in error.

(McCay, Judge, having been counsel below, did not preside in this case.)

Where the plaintiff in an action of ejectment put in evidence a perfect paper title from the State to himself, and the defendant relied upon a

statutory title under claim of right, and there was conflicting evidence as to the time of adverse possession, and the defendant himself was the witness under the Act of 1866:

*Held*, That the question of his credibility was a question exclusively with the jury.

Where the facts of the case show that substantial justice has been done, though the charge of the Court may have contained some error, this Court will not interfere to set aside the verdict.

Ejectment. Prescription. Party as witness. New trial. Before Judge CLARK. Lee Superior Court. March Term, 1871.

This was ejectment for two hundred and two and one half acres of land, begun in August, 1856. The sole fight below was as to whether John L. Laramore had made out a title by prescription to the premises in dispute. He testified that he bought it from his father, in 1845, and took possession, and ever since had possession thereof. He said the deed to him was recorded, that the witnesses to it, and the maker were dead, and he thought he had burned the deed during the war, when burning papers which he thought valueless. One Matthews testified that in 1853 he was on the land, it was vacant, and Laramore's father was trying to buy the land, not pretending that he had or had had title to it.

West, a co-defendant, testified that John Laramore was in possession of the lot, having on it a field of ten or fifteen acres in 1852, and he bought half of the lot from John Laramore in 1853.

As it took seven years possession before suit brought to make the prescriptive term, the contest was as to the truth of John Laramore's testimony. Defendant's counsel requested the Court to charge the jury that in the absence of contradictory evidence, the jury ought to believe the evidence of a party in the cause; that every competent witness was entitled to credit unless he be impeached or attacked by some of the modes pointed out by law, and the jury cannot capriciously set aside the evidence of a party to the cause be-

cause he was interested in the result of the suit; if the testimony be corroborated and sustained by other testimony, even when he has been legally attacked or impeached, the corroboration might restore the testimony, at least they might believe the corroborating evidence.

By oversight the Court did not give either of said requests in charge.   On that subject he charged: " When a witness is a party to the suit and directly interested in the event of it, you are to consider the temptations to perjury, and give such credit to his testimony as you think proper; that is a question alone for your consideration."

The jury found for plaintiff.  Defendants moved for a new trial upon other grounds not passed upon here, and because the verdict was contrary to law and the testimony, and because the Court did not charge as requested, and did charge as aforesaid.   The new trial was refused, and that is assigned as error.

HAWKINS & BURKE, for plaintiffs in error.

LYON & IRVIN, for defendant.

LOCHRANE, Chief Justice.

This case comes before the Court from the Superior Court of Lee county upon an action of ejectment brought by Minish against the plaintiffs in error, and upon grounds of error alleged in the judgment of the Court below  refusing a new trial.   After the plaintiff had closed his case, showing title to himself from the State, and proved the defendants in possession of the land in controversy, the defendants introduced their testimony, and Laramore, one of the defendants, who testified that he had a deed to the lot of land in dispute from James Laramore, dated in the year 1845, that the witnesses to the same were all dead, the deed was lost, and that he thought he burned it up during the war among a great many papers, etc.; that he gave a horse worth $75 00 for the lot, and had gone into possession in 1845, his father having it in cultiva-

Laramore *et al. vs.* Minish *et al.*

tion at the time, and he had sold part of it to West, his co-defendant, and was in possession of the land ever since. The plaintiffs introduced the interrogatories of Joseph B. Mathews, who testified that he had an interview, about the 20th October, 1853, with James Laramore in relation to this lot of land, and he then wished to buy it.   He stated that a party residing in Alabama had previously wanted to sell the land to him, and that he was afraid to purchase from him on account of a defect in the title, and at that time, in 1853, there was no one in possession of the land, and no improvements thereon, and that James Laramore asserted no title to the lot.   These constitute the material facts we desire to notice, inasmuch as the case turned upon the statutory title set up by the defendants, which consisted in the color of title by the deed alleged to have been lost, and by his own testimony, and by that of Phillip West, the co-defendant, who had bought one-half of it in 1853, and who testified when he first saw it, Laramore, the defendant, was in possession, claiming it, and there was a field on it of ten or fifteen acres, but did not see any of defendant's deeds.   Under the charge of the Judge the jury found for the plaintiff, and the motion for a new trial presents an irregularity in the progress of the case in the Court below, which we propose first to notice. It appears that the counsel for the defendants below made certain written requests to the presiding Judge which he omitted to give in charge, and upon the application for a new trial had forgotten the fact, but subsequently finding them among his papers they are incorporated in this bill of exceptions, and will be treated by this Court as if they had been refused, giving the defendants the full benefit of such refusal.

First as to the merits of this case.   To have authorized the defendant to recover upon his assertion of the statutory title it was necessary to show that he held the land adversely under color of title and claim of right for more than seven years before the commencement of the suit, and, to make out

a case of adverse possession, it was incumbent upon him to show that his possession was public, continuous, exclusive, uninterrupted and peaceable; and the claim of right, which must accompany such possession must not have originated in fraud, and the facts in the particular case will be adjudged by the jury.  By examination of the record in this case, we find that the defendant sets up possession in himself since 1845, under a deed from his father, whom he says was previously in possession.  This fact, by the evidence of the plaintiff, was denied.  In 1853, some eight years afterwards, Mathews testifies that he was on the lot of land, that Laramore, the father offered to purchase it, and asserted no claim of title or possession in or to it.  And this conflict of evidence was a question for the jury.  The evidence of the defendant in this case, that he had a deed from his father in 1845, was in conflict with the evidence of Mathews, that his father claimed no title or possession to it in 1853; and the fact that such deed was said to be lost, and all the witnesses to its execution dead, was in itself such a circumstance as properly belonged to the jury to weigh and determine. West's testimony is not corroborative as to the existence of the deed, and only reaches back the possession to 1852, and suit in this case was commenced in 1856.  If we were, therefore, to deem the requests made by the defendant's counsel as to the competency of the defendant's testimony, under section 3798 of the Code, and treat him as we would a disinterested witness, we would be constrained to hold that the verdict of the jury in favor of the plaintiff was supported by the evidence.  The plaintiff had made out his case upon proper legal title, and had shown, by the testimony of Mathews, that the person from whom the defendant set up his claim of right, under color of title, in 1845, had no title himself or claim of right in October, 1853; and the jury, in adjudging the facts, had a right to look, not only to this testimony, but to the setting up of a claim under a lost deed, with every witness sworn to be dead.  But in this case the

Laramore *et al. vs.* Minish *et al.*

witness, Laramore, was a party to the suit, and introduced as a witness under the Act of 1866, and inasmuch as the requests to charge are based upon the construction of that Act to the extent that he had to be impeached or attacked by some of the modes pointed out by law before the jury could capriciously set his evidence aside, we propose briefly to give our opinion as to the legal construction of this Act as it disposes of the requests to charge. The section 3798th of the Code is based upon the Act of December, 15th, 1866, which is entitled an Act to declare certain persons competent witnesses, etc. The preamble is as follows: "Whereas, the inquiry after truth in Courts of justice is often obstructed by incapacities created by the present law, and it is desirable that full information as to the facts in issue, both in civil and criminal cases, should be laid before the persons who are to decide upon them, and that such persons *should exercise their judgment on the credit* of the witnesses adduced for the truth of testimony." We think under a proper construction of this law that witnesses introduced under its provisions are lifted out of the general rule, and that the jury may exercise their *judgment* on the credit of such witnesses from the *fact of their interest,* irrespective of other impeachment or attack. And while we think the presiding Judge may have laid down the rule somewhat strongly in his charge to the jury in this particular, yet upon the examination of his whole charge, coupled with the merits of the case, we are satisfied the Court below committed no error in overruling the motion for a new trial under the facts in this case.

Judgment affirmed.