Penny *vs.* Vincent.

H. H. PENNY, plaintiff in error, *vs.* WILLIAM VINCENT, defendant in error.

There being nothing in the record showing that the case was not fairly submitted to the jury, and as the verdict was to be determined according to the credit they might give to the testimony of a witness who was a party to the suit, this Court will not interfere by setting aside the verdict, especially as it does not appear that the jury abused their right in the premises as to the credibility of the witness, under the circumstances exhibited in the record. Under the Act of December 15th, 1866, juries have a larger discretion as to the credit they will give such witnesses, than in the case of witnesses who are not parties.

New trial. Witness. Before Judge HARVEY. Floyd Superior Court. January Term, 1873.

Penny sued out an attachment against Vincent for $210 00, upon the ground that he resided beyond the limits of the State. A levy was made upon certain groceries as the property of the defendant. The declaration alleged that the defendant was indebted in the aforesaid amount to plaintiff, for money and goods which said plaintiff let William Shropshire, the defendant's son-in-law, have, at the special instance and request of said defendant, and which he promised to pay for before they were delivered to the said Shropshire. Reference was made to a bill of particulars to the declaration attached. Annexed to the declaration were these words: "The amount of the debt is shown by the notes in the above case, of which the following are copies."

The notes were dated March 17th, 1869, signed by William Shropshire, each for $105 00, payable to Penny or bearer, sixty and ninety days after date, respectively. Then followed the bill of particulars, showing an existing indebtedness of $210 00, headed as follows:

"William Vincent, in account with H. H. Penny."

The defendant appeared and pleaded the general issue.

The plaintiff testified on the trial as follows: On March 17th, 1869, he was the owner of a small family grocery store in the city of Rome. His clerk was William Shropshire, the son-in-law of the defendant. Shropshire wished to buy the stock of groceries, but plaintiff was unwilling to sell to him. The defendant then came to plaintiff and stated that he desired to set his son-in-law up in business, and to give him a start; that he would buy the stock if plaintiff would take one-third cash and the balance in two payments, with interest. Plaintiff accordingly sold to him. The stock amounted to $315 00; one-third was paid in cash, to-wit: $105 00, which left $210 00 due.

Plaintiff took two notes from Shropshire, each for $105 00, in discharge of the debt. He took the notes at the defendant's request, without intending to release him. He did not sell the stock to Shropshire, and would not have credited

him for them, but sold them to defendant, and the taking of the notes was for his accommodation. It was understood that the defendant was not to be released but was to be still liable on the original purchase. Plaintiff did not make out any inventory or bill of the goods at the time of the sale. Since this suit he made out a bill of the goods, but did not charge them to anybody. His attorneys added the heading, which appears on the bill of particulars, to the declaration attached.

J. C. Wood testified, that some short time after the sale above referred to, he saw the defendant in the store selling goods; that he made some tin work, which was placed in said store for sale, and sold it to defendant.

The jury returned a verdict for the defendant. The plaintiff moved for a new trial because the verdict was contrary to the evidence. The motion was overruled and he excepted.

Underwood & Rowell, for plaintiff in error.

Printup & Fouche, for defendant.

Trippe, Judge.

The case was fairly submitted to the jury. No complaint is made of the action of the Court in the progress of the trial, and the verdict was to be determined according to the credit the jury might give to the witness who was a party to the action.

The preamble to the Act of 15th December, 1866, which opens wide the door to almost every person as a witness, recites that "the persons (the jury) who are to decide upon them, *should exercise their judgment on the credit of the witnesses* adduced, for the truth of their testimony." In *Laramore et al. vs. Minish et al.*, 43 *Georgia*, 282, (see on page 287,) this Court held that "under a proper construction of this law, witnesses introduced under its provisions are lifted out of the general rule, and the jury may exercise their judgment on the credit of such witnesses from the fact of their in-

terest, irrespective of other impeachment or attack." With all this power, a jury should not capriciously discredit a witness or reject his testimony; but, if there be in evidence any circumstances or facts in conflict with the testimony of a party to the suit, such as the fact of the notes, as in this case, being executed solely by Shropshire—the suing out of the attachment *on the notes*, the manner of making out the account—and the point be directly made to the jury as to what credit shall be given to his testimony, and they deliberately decide to reject it, and the Judge trying the case, who, with the jury, both see and hear the party testifying, refuses to interfere, we do not think a case is made to demand our intervention.

Judgment affirmed.