GABBETT, trustee, *vs.* SPARKS.

1. The rule of court which requires the defendant in ejectment to admit possession of the land in order to be let in to defend title thereto, does not apply to complaint for land under the statutory form.

2. A *cestui que trust*, for whose use and benefit the suit is brought by the trustee, is such a party to the record as to exclude her testimony in regard to facts which transpired in respect to the trade with the party to the cause of action who is dead, and if offered as a witness to prove other facts, it is the duty of the party offering the witness to state to the court such purpose, so that the judge may act advisedly thereon.

3. Where one party calls the other as a witness, the credibility of the party called and sworn is vouched to the extent of putting such party upon the footing of an ordinary witness, and such witness cannot be impeached by general reputation, but only as any other ordinary witness may be under the rules of law.

4. This court will not control the discretion of the presiding judge in refusing to grant a new trial, on the ground that the verdict is against the law and the evidence, where the issue in controversy is matter of fact in respect to the payment for a lot of land in full, and where the evidence, though it may be confused, is sufficient to sustain the verdict, and such verdict is not inconsistent with the justice and equity of the case.

BLECKLEY, Judge, dissented.

Ejectment. Witness. Evidence. Practice in the Superior Court. New trial. Before Judge HILLYER. Fulton Superior Court. October Term, 1877.

Reported in the opinion.

D. F. & W. R. HAMMOND; HOPKINS & GLENN, for plaintiff in error.

COLLIER & COLLIER, for defendant.

JACKSON, Judge.

Wm. Gabbett, as trustee for Mrs. Gabbett, sued one Fowler, a tenant of Mrs. Mary Sparks, in the statutory form of pleading, for the possession of a tract of land or lot of land in the city of Atlanta and county of Fulton. Mrs. Sparks was brought in as a party, to which proceeding she took no exception, but filed a plea to the effect that she was sister and heir-at-law of one John Ennis, deceased, who bought two lots, both embraced in the parcel sued for, of Wm. Gabbett, trustee, one of which may be designated for the purpose of this decision as number two (2) and the other as number four (4), without more to describe them; that number two was bought for $500.00, all of which was paid, and number four for $400.00, $140.00 of which was paid; that Ennis took bond for titles to each, and she prayed that the lot paid for should not be taken from her, and that equity should be done in the premises. The jury found number two for the defendant, Mrs. Sparks, and number four for

the plaintiff, and the costs against the plaintiff. Where-upon the plaintiff made a motion for a new trial, which was overruled, and he excepted.

Various grounds are set out in the motion for a new trial, but we think they may be all considered and determined under four heads.

1. The court refused to enforce the rule of court in the ordinary ejectment causes brought in the fictitious form as applicable to this case, which was brought under the statutory form, and did not require the defendant to admit possession of the premises before defending the suit on the merits. We do not see how the ruling hurt the plaintiff, even if it was wrong. The proof was made by Fowler, who swore that he was in possession, and as tenant of defendant ; but we are not prepared to rule that the decision of the court was wrong. The rule had its origin in the fictitious form of action, where the party has always to come into a consent rule before he was permitted to defend title ; and the rule, we think, was merely intended to add an admission of possession to entry and ouster. It is by its terms confined to *ejectment* suits, (see rule 25, Code, p. 947) ; while this is a suit to recover possession of the land sued for. Its fundamental allegation is, that the party is in possession of land to which the other party claims title (see Code, §3389), and the possession is of the essence of the case, and the answer may well deny possession in himself, as well as title in his adversary. The plaintiff must prove his whole case to recover. There is no fiction in the action, but all is reality, and there is no reason why the plaintiff should not be required to prove all his allegations, as in any other case.

2. The second ground is, that Mrs. Gabbett was offered as a witness, and was rejected. She was a party to the record—the *cestui que trust*—and more interested in the result than the trustee who held the mere legal title. She was offered to prove that certain notes were given for the land when the trade was made, and were still due and unpaid. John Ennis, the other party who traded for the land and gave the

notes, if given by him, was dead, and could not confront the witness. This trade, a part of which was the giving of these notes, was the cause of action; and this witness was incompetent to show either that they were the notes given, or were paid off, or not paid off, by Ennis, under the ruling of this court.

In respect to any dealings between Mrs. Gabbett and Mrs. Sparks after Ennis' death as to the payment of the notes, or otherwise, we hold that Mrs. Gabbett was competent; but the judge certifies that she was not offered after Mrs. Sparks had testified, nor for that purpose. The general rule is, that she was incompetent; if she was offered for a reason and purpose that took the case out of the general rule, it was incumbent on the party offering to call the attention of the court thereto, and to state distinctly that she was offered, not to testify about any transaction with the deceased, but to prove facts which did not bring her in collision with him—his mouth being closed in death. This, we take it, is the substance as well as the reason and spirit of the law on this subject, and the ruling of this court thereon; the judge certifies that no motion was made to introduce her after Mrs. Sparks was sworn, or to take the case otherwise out of the general rule.

At the time when she was offered, and for the purpose for which she was offered, we agree with the presiding judge that she was incompetent.

3. But it is objected again that the court charged to the effect that Mrs. Sparks, the other party, having been offered as a witness by the plaintiff, the plaintiff indorsed her credibility to the jury, and that she could not be attacked for general reputation for truth, but that it might be shown that she stated what was not true by other testimony.

Ordinarily, either party, when sworn, goes to the jury not as pure as a disinterested witness; but the credibility of such party-witness is a question for the jury. 55 *Ga.*, 450. But where one party puts up the other as a witness, we think that the general credibility of such witness is indorsed,

Gabbett, trustee, *vs.* Sparks.

and that such witness can be attacked only as an ordinary witness could be. An ordinary witness could not be attacked on the ground of general reputation by the party offering him ; therefore this witness could not be, if we are right in the premises, and that seems conceded. So far as this record discloses the facts in the case, we see no evidence going to attack the general reputation of this witness, and perhaps the charge is erroneous or hypothetical ; but in the *nisi prius* trial before a jury, so many matters arise and so many points are made in argument, that it might have been important to caution the jury upon the point.

At all events, the court gave the party full liberty to attack the witness by other testimony, and we cannot see how the plaintiff was hurt by the charge, or portion of it, which might have been erroneous as not authorized by evidence.

It is true that the able counsel for plaintiff in error argued to us that the words "other testimony" meant testimony other than that sworn to by the witness herself; but we think that the court meant by it, and its obvious meaning is, that the plaintiff might show in any way, except general reputation, that the witness had made a false statement—that is, *by her own other testimony*, or statement inconsistent with the statement attached.

In this view, we cannot see substantial error or harm in the charge.

4. And this brings us to the last question, and indeed, the important question in every case : was the verdict against the law and evidence, and so much against the latter as to require this court to disturb the verdict and to overrule the opinion both of the jury and presiding judge in respect to the right of the case ?

Mrs. Sparks swore positively and repeatedly that all the money for lot number 2 was paid. It is true that she says, also, that the notes were taken up, all of them, for that lot, and yet the plaintiff shows that some of them are yet in his hands, and produces them in court ; so that it is clear that all were not actually taken up by her, and that she is mis-

taken in that point. But she swears that she meant to take them up, and the court charged to the effect that if they were paid off, and, by mistake or oversight, other notes were taken up in the place of those she meant to take up, such payment would be sufficient, qualifying it by saying that if it was so understood and intended by both parties.

We do not see error in this instruction. A note may be paid off and not taken up. By accident or oversight, another for the same sum and due at the same time, might well be taken in lieu of the right note. A woman unaccustomed to such dealings, might well make such a mistake or oversight, and take up the wrong notes. The great question is, was the lot number 2 paid for? were the notes really paid which were given for that lot? This witness swore it, the jury believed her, the presiding judge believed her, and we are not called upon to judge of her credibility, and to overrule those who are better judges of credibility than this court can possibly be.

One thing is certain—one fact is undisputed : the ancestor of this defendant bought two lots, one for five hundred and the other for four hundred dollars ; six hundred and forty dollars have been paid by him and by the defendant, with his money, after he left for the army, for these two lots, which sum is enough to pay fully for one lot, and leave $140.00 to go on the other. By the verdict of the jury, the plaintiff got one lot and $140.00; the defendant got the other lot and recovered costs against the plaintiff. It seems that justice has been reached. Certainly no great wrong has been done; and inasmuch as there is evidence to support the verdict, and the judge who tried the cause approves it, we do not feel at liberty to open the case for further litigation.

Judgment affirmed.

WARNER, Chief Justice, concurred.

BLECKLEY, Judge, dissented, but furnished no written opinion.