## ARMSTRONG *v.* BALLEW.

1. Where two cases between the same parties are, by agreement, simply tried together, and a separate verdict and judgment is rendered in each, and a motion for a new trial is made in one of them and overruled, and such case is brought by writ of error to this court, only the record in that case can legally be brought up ; and if the record in the other case is also sent up with the bill of exceptions, this court can not consider it.

2. The claimant being the only witness in her behalf, and there being before the jury facts and circumstances apparently in conflict with her testimony, this court can not say that the jury were not authorized to find against her testimony.

Argued May 8, — Decided June 1, 1903.

Levy and claim.    Before Judge Fite.    Gordon superior court. October 3, 1902.

*Starr & Erwin* and *Cantrell & Ramsaur,* for plaintiff in error.
*Harkins & Dodd* and *R. J. & J. McCamy,* contra.

FISH, J.   From the bill of exceptions and the record in this case it appears that two claim cases, in which J. M. Ballew was the plaintiff, L. D. Armstrong the defendant in fi. fa., and Mrs. M. S. Armstrong the claimant, were, by consent of the parties, consolidated simply to the extent of trying them together.    In one of these cases, in which the execution in favor of Ballew and against L. D. Armstrong had been levied upon a mule and a yoke of oxen, the property was found subject; and upon the claimant's motion for a new trial being overruled, she excepted.    Upon the trial, the claimant admitted that the defendant was in possession of the property at the time of the levy, and assumed the burden of showing that it was not subject.    She was the sole witness in her behalf, and testified that the property belonged to her ; that her husband, the defendant, had no interest in it; that she had owned the mule four or five years, and the oxen for two years ; that the oxen were purchased with her money ; that she owned a horse, which was traded, for her, by her husband for the mule levied on ; that she

had never returned the property for taxation, but left that for her husband to look after, and supposed he had done so. She further testified as follows: " When the sheriff made the levy, I did [not] tell him that Mr. Armstrong had gone to the station. (Oostanaula), and to go there and see him and may be he would stop it, as I did not know anything about the property being mine, at the time, but I did mention it to Mr. Everett who was there, and he said that was a matter to come up later." The sheriff, who was introduced as a witness by the plaintiff, testified as follows: " I went to make a levy on the property, and went to the house and told Mrs. Armstrong my business, and I left the property. She said she knew nothing about it, and for me to go down to the station (Oostanaula) and see Mr. Armstrong, who might arrange it in some way. She did not claim the property in her conversation with me; she simply told me to go and see her husband. I went and saw Mr. Armstrong and told him my business. He told me he was on his way to Rome, and that when he returned he would see the plaintiff about the matter. I afterward went back after the property and the mules and oxen were gone. Don't know where they were. I afterwards took bond for the property." The claimant's husband was present at the trial, and assisted her counsel in striking the jury, but was not introduced as a witness.

1. One of the grounds of the motion for a new trial was, that the court erred in charging the jury that they could find part of the property subject and part not subject, the assignment of error being that, under the evidence, all of the property was subject or all of it not subject. As the jury found all the property involved in this case subject, there is no merit in this ground of the motion; for even if, under the facts in evidence, this charge was erroneous, the claimant was not hurt by it. Counsel for the plaintiff in error contend that the execution was also levied upon certain cows and calves, to which Mrs. Armstrong interposed another and separate claim, and that a verdict in the case in which the cows and calves were claimed was rendered finding them not subject; and that as upon the trial the issues in the two claim cases were, by consent, tried together, and the evidence in both cases was the same, and the jury found the property in one case subject and the property in the other case not subject, they were probably influenced by this charge to find a compromise verdict. As there was

no order of the court consolidating the two cases and making them one, but they were merely, by agreement, for the sake of convenience, tried together, and continued to be separate cases, in which, according to the contention of counsel for the plaintiff in error, separate verdicts were rendered, they could not be brought to this court as one case.    *Erwin* v. *Ennis,* 104 *Ga.* 861; *Wells* v. *Coker Banking Co.,* 113 *Ga.* 857.    And certainly when only one of such cases is brought up, the record in the other can not legally be brought up with it.    If the two cases were tried together and a separate verdict and judgment rendered in each, the claimant gaining one case and the plaintiff prevailing in the other, and the claimant only moved for a new trial in the case which she lost, she could not, when this motion was overruled, bring to this court any part of the record which belonged exclusively to the case in which there was a verdict and judgment in her favor.    With the case in which there was no motion for a new trial this court has nothing whatever to do, and can not legally know anything as to its pleadings or the verdict and judgment rendered therein.    We can not look beyond the record of the case which is properly before us; and as the record in this case shows that the jury found all the property levied upon and claimed subject, it is clear that there is no merit in the ground of the motion for a new trial which we have been considering.

2.    The only other grounds of the motion for a new trial were, that the verdict was contrary to law, and that it was contrary to evidence.    The claimant was the only witness in her behalf, and it is upon her testimony, which it is contended was uncontradicted, that the contention is based that the verdict was contrary to the evidence.    While the claimant was a competent witness in her own behalf, the jury had the right, in passing upon the credibility of her testimony, to take into consideration her interest as a party in the case.    *Atlanta & West Point R. Co.* v. *Hodnett,* 36 *Ga.* 669.    In *Laramore* v. *Minish,* 43 *Ga.* 282, Chief Justice Lochrane, in discussing the act making parties competent witnesses, said: " We think, under a proper construction of this law, that witnesses introduced under its provisions are lifted out of the general rule, and that the jury may exercise their *judgment* on the credit of such witnesses from the *fact of their interest,* irrespective of other impeachment or attack."    Only two Judges presided in that case; but in *Penny*

v. *Vincent,* 49 *Ga.* 473, which was decided by a full bench, what was said by Chief Justice Lochrane in *Laramore* v. *Minish* was approvingly quoted, and it was held that under the act of 1866 juries have a larger discretion as to the credit which they will give parties testifying than in the case of witnesses testifying who are not parties.    Trippe, J., delivering the opinion, said: "With all this power, a jury should not capriciously discredit a witness or reject his testimony; but if there be in evidence any circumstances or facts in conflict with the testimony of a party to the suit, . . and the point be directly made to the jury as to what credit shall be given to his testimony, and they deliberately decide to reject it, and the judge trying the case, who, with the jury, both see and hear the party testify, refuses to interfere, we do not think a case is made to demand our intervention."    "Where witnesses are parties to the suit, whatever may be their numbers, their opportunities, or means of information, the jury are to judge of the degree in which their interest affects their credibility."    *Amis* v. *Cameron,* 55 *Ga.* 449 (3).    If we take it for granted that a jury can not discredit the testimony of a party at interest in a case, when there are no facts or circumstances before them which conflict with it, still we think the jury in the present case were authorized to find against the testimony of the claimant.    Although, according to her evidence, she had owned the mule four or five years, and the oxen for two years, she testified that she had never returned the property for taxation, and, in explanation of her failure to do so, said she had left that to her husband and supposed he had done so.    Her husband was present in court and assisted her counsel in striking the jury, but he was not introduced as a witness to show that he had returned the property for her, nor for the purpose of corroborating her testimony as to her ownership of the property.    When the sheriff went to her home to levy on the property and told her his business there, she said she knew nothing about it, referred him to her husband, and made no assertion of ownership of the property.    When the sheriff, after levying upon the property and leaving it at the residence of the defendant and claimant, went back there to get it, it could not be found, and he failed to ascertain what had become of it.    These were circumstances which the jury might consider as conflicting with the testimony of the claimant, and, under the decisions of this court above referred to, we can not

say that they were too slight to authorize the jury to discredit such testimony. In our opinion, they were equally as strong as the circumstances in *Penny* v. *Vincent*, which the court held sufficient to authorize the jury to disregard the testimony of a party to the case.

*Judgment affirmed. By five Justices.*