28325. GEORGIA POWER COMPANY *v.* BURGER.

DECIDED SEPTEMBER 24, 1940.
ADHERED TO ON REHEARING, NOVEMBER 30, 1940.

*MacDougald, Troutman & Arkwright, Harllee Branch Jr.,* for plaintiff in error.

*George & John L. Westmoreland,* contra.

GARDNER, J. This is a suit by a mother for the homicide of her son, fifteen years of age. The boy was riding a bicycle on the right side of West Whitehall Street in the City of Atlanta and was overtaken by a trackless trolley of the defendant, going in the direction the boy was traveling. The street at this point was thirty-two feet wide, and there was no other traffic in the street at that point and time. The front end of the trolley passed the boy at a speed of twenty-five miles per hour, and the handle-bar of the bicycle caught or was struck by the side of the trolley about nine feet from its front end. The collision threw the boy to the pavement, and the rear wheels of the trolley passed over his head killing him instantly. The car was thirty-six feet long.

The petition alleged, that the defendant was negligent in that the car was being operated at the time by an inexperienced driver who was being taught how to drive at the time by an instructor sitting by him; that neither the instructor nor the driver was keeping a lookout ahead, and failed to see the boy on the bicycle, although he was in plain view and it was midday. The bicycle was being operated at a speed of about ten miles per hour. It was alleged, that the car was being operated at a distance from the curb of four or five feet, on approaching the boy on the bicycle, until it arrived at a point even with or alongside the boy, when the operator turned the car to the right toward the curb and forced the boy to the curbing, and caused the side of the car to strike the bicycle, and thus caused his death; that there was no reason or cause for the car being turned to the right toward the boy, as there was no obstruction or other traffic; that the car was at least five feet from the center on the right side of the street; and that no signal was given of the approach of the car, and the turning of the car to the right was unnecessary and negligent. The defendant in its answer

alleged that the boy negligently rode his bicycle against the side of the car, and thus caused his death; and that the defendant was not negligent in any of the particulars alleged.

The evidence hinged largely on the question whether the trolley was turned to the right as it was passing the bicycle, and thus struck the handle-bar. We can not say that the jury was not authorized so to find; and if so, the verdict was supported by the evidence. One of the grounds of negligence charged that the turning of the car to the right did not leave the boy room to operate his bicycle. This particular allegation may not have been supported by the evidence; and yet, under the other allegations which were supported, the car was unnecessarily and negligently turned to the right and was thus caused to strike the bicycle ridden by the boy alongside the car.

Complaint is made because the court, in charging to the jury the provisions of the Code, § 38-107, failed to charge that the "interest or want of interest" of the witnesses should be taken into consideration in determining where the preponderance of the evidence lies, this clause not having been given when the section was charged. We wish to say that the language used in *Gossett* v. *Wilder,* 46 *Ga. App.* 651 (5) (168 S. E. 903), although applicable to the facts of that case, is too broad in its application, and therefore is not in accord with other decisions of this court and the Supreme Court. The Code section referred to states many facts and circumstances which may be considered by a jury in determining the truth or falsity of the evidence. The personal credibility of the witnesses in conflict, however, must first be equal before the other contingencies named in the Code section will apply equally. As was said in *Hudson* v. *Best,* 104 *Ga.* 131, 132 ( S. E. 688), "such a witness may, for other reasons, be entirely unworthy of belief; and certainly it would not then be the duty of the jury to believe him," and therefore the jury should not be instructed that the testimony of such a witness should be preferred because of his opportunity for knowing the facts, or because he had least inducement to testify falsely. This ruling was followed and applied in *Louisville & Nashville Railroad Co.* v. *Rogers,* 136 *Ga.* 674, 676 (71 S. E. 1102), and *Shankle* v. *Crowder,* 174 *Ga.* 399, 410 (8) (163 S. E. 180). The failure to charge each of the provisions contained in the Code, § 38-107, may or may not be error,

dependent upon the issues made by the evidence. In *Hinson* v. *Hooks,* 27 *Ga. App.* 430 (108 S. E. 822), the failure to charge on the number of witnesses was held harmful where there were several witnesses on one side and only one on the other. In *Travelers Indemnity Co.* v. *Paramount Publix Cor.,* 52 *Ga. App.* 239 (182 S. E. 923), the omission of a charge on the intelligence of the witness was held not error, it not appearing that such failure was harmful, and there being no request so to charge. Likewise, in *Southern Railway Co.* v. *Wilcox,* 59 *Ga. App.* 785, 788 (2 S. E. 2d, 225), a complaint that the court omitted "some of the provisions of the Code section," was held not to require a reversal, it not being made to appear that such omission was harmful. In *Southern Bell Telephone & Telegraph Co.* v. *Shamos,* 12 *Ga. App.* 463 (6) (77 S. E. 312), it was said: "While the interest of a witness may always be considered, the mere failure of the judge to enumerate the fact of such interest, as one of the things which may be considered by the jury in passing upon the credibility of the witnesses, will not ordinarily demand a new trial." A careful reading of the evidence in this case does not show that the omission to charge the provisions with respect to the interest or want of interest of any witness for the plaintiff jeopardized any of the defendant's rights, and there was no request so to charge. If the language in *Gossett* v. *Wilder,* supra, is so construed that it is always reversible error for a judge, in charging Code § 38-107, to omit any of the provisions therein, such language is expressly disapproved. The better practice is to charge the section in its entirety; the failure so to do is not necessarily such harmful error as will require a reversal. The failure to charge on interest or want of interest on the part of witnesses for plaintiff and defendant, there being no request therefor or call of the attention of the court thereto, does not necessarily require a reversal in the present case.

The father of the boy testified as to the question of dependency. There was no conflict in the evidence on this point, nor did any other testimony given by him raise such an issue as would show error in the failure to give in charge this provision. The interest or want of interest of other witnesses in the case was not so apparent as necessarily to require that this provision be given in charge. If the case had hinged on this point, or if counsel had thought it of such importance, a request to charge should have been presented.

Various assignments of error, in respect to alleged failure of the court to give more specific instructions in reference to the rules of evidence for determining the credibility of witnesses, are presented. Failure to charge as to the credibility of witnesses, in the absence of request, is not a ground for new trial. Code, § 38-1805, and cit. Nor is a failure to charge on impeachment, in the absence of a timely written request, reversible error. This principle is so well established as to need no citation of authority. The charge as given was sufficiently full to enlighten the jury on the question of the credibility of witnesses. If further instruction was desired, it should have been requested.

Complaint is made that the court charged the jury as follows: "Gentlemen, I charge you that a street railway company operating a trackless trolley upon its lines is required, in the operation of the car, to use ordinary care to prevent injuries to others. Now ordinary care means that degree of care which every prudent person would exercise under the same or similar circumstances. If in the operation of the trackless trolley car the defendant failed to use that degree of care which every prudent person would use in the operation of such a car under like or similar circumstances, that would be an act of negligence. If, on the other hand, defendant company, in the operation of the car, did use that degree of care which every prudent person would exercise under the same or similar circumstances to prevent injury to others, then the defendant would not be negligent." It is insisted that the charge that the defendant in the operation of its car is required "to use ordinary care to prevent injuries to others," is an incorrect statement of the law, which will require a reversal in this case. *Louisville & Nashville Railroad Co.* v. *Rogers,* 136 *Ga.* 674 (2), supra, is cited as controlling on this point. It is true that if from the language of the charge the jury may be impressed with the idea that although ordinary care is used the defendant would be liable if injury occurs, such a charge would be error. In the cited decision the court said that the defendant should operate its train at such a speed and keep such a lookout "as it could by the exercise of ordinary care have prevented the injury." This charge was said to have been an inaccurate statement of the law, in that its effect was that ordinary care was such care as would have prevented the injury. The judgment in the *Rogers* case was reversed on another

ground, and it does not appear that there would have been a reversal on this ground alone. In any event, there is a distinction between the language there used and the language used in the present case. The defendant owed to the plaintiff's son the duty of exercising ordinary care to prevent injuring him. To so state does not mean that if injury occurs ordinary care was not used. If ordinary care is used and injury occurs in spite of its use, the defendant is not liable. The court charged the jury to this effect, in several places. What is the purpose of using ordinary care under such circumstances as these under consideration, if it is not to prevent injuries to others using the street? In *Wright* v. *Southern Railway Co.*, 139 *Ga.* 448 (77 S. E. 384), it was said: "It was a question for determination by the jury whether the employees of the railroad company were under a duty to look out for pedestrians on the tracks at the particular place where they were accustomed to walk, and where the injury occurred; and also, if chargeable with this duty, *whether the defendant used ordinary care to prevent the injury to the deceased."* (Italics ours.) See citations. The duty generally in such cases is the use of ordinary care. For what purpose is it used? To prevent injury to others. *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607, 609 (58 S. E. 1060). This is the entire genesis of the duty owed. The violation of the duty is the failure to exercise ordinary care. The language here used could have no other interpretation. The charge in its entirety made this principle absolutely plain, even though such a strained construction were possible.

The remaining assignments of error in respect to the charge are not meritorious, and require no discussion. The assignments of error on rulings on evidence show no cause for reversal. The evidence supported the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton and MacIntyre, JJ., concur. Broyles, C. J., disqualified.*

### ON REHEARING.

GARDNER, J. The judgment in this case having been affirmed on September 24, 1940, and on the same date a motion for rehearing having been duly made by the plaintiff in error, on the grounds as therein set out, among which was that the judgment of affirmance was by one Judge only of those who originally heard the oral argu-

ments on the original call of the case, one of the remaining two being disqualified (without notice to plaintiff in error on the original call of the case), and the other one subsequently becoming deceased, his successor being one of the two Judges rendering the decision of September 24, 1940, and it being argued that plaintiff in error was entitled to have had a full bench of three Judges to hear oral arguments upon issues made by the original exceptions, who should thereafter render decision, and it being moved that the judgment of September 24, 1940, be vacated and the judgment of the trial court reversed; and the motion for rehearing having been allowed, and oral arguments had pursuant thereto, before a full bench of three Judges presently qualified to pass upon all issues arising under the motion and as presented by the bill of exceptions, the prayers of the motion to vacate the judgment of affirmance and to reverse the judgment of the trial court are denied. The judgment of affirmance by this court is adhered to.

*Sutton and MacIntyre, JJ., concur.*