34460. HINCHCLIFFE *v.* PINSON, Administratrix.

Decided February 3, 1953.

*Swift Tyler, Marvin O'Neal Jr., John Tyler,* for plaintiff in error.

*Lee Evans, Douglas, Evans & Cole,* contra.

Townsend, J. An action for trover must be founded upon title or right of possession in the plaintiff. *Underwood* v. *Underwood,* 43 *Ga. App.* 643(6) (159 S. E. 725). Where title is claimed, it must be the legal and not the equitable title. *Bush.* v. *Smith,* 77 *Ga. App.* 329, 330 (48 S. E. 2d, 582). The plaintiff's cause of action here is based entirely upon the proposition that legal title to the automobile was in her deceased husband during his lifetime, for which reason it remained in his estate after his death on October 7, 1951. Her evidence to support this claim was as follows: that she had sued her husband for divorce in 1947, and, although not divorced, they had been separated at the time of his death; that in October, 1950, he left the automobile in question with her in exchange for another car, and left the keys with her; that he took it away just before Christmas of that year; that she again had its use from the last of May, 1951, until the latter part of July, during which time she had seat covers put on it and charged to her husband; that he again took it away and she located it, after his death,

in the defendant's possession. A witness for the plaintiff testified that he had delivered $5000 in cash to the deceased, and that he saw him with the automobile for the first time about 24 hours thereafter. There was also evidence that the defendant had repair work done on the Cadillac, which was charged to Pinson Tire Company of which the deceased was owner, on August 1, 1951; that all cars brought from his place were so charged; that the defendant and Pinson were frequently seen together; that she was his confidential secretary and continued in this capacity although her name was eventually removed from the payroll; and that she drove the automobile, either alone or with Pinson, and generally he did not drive, because of incapacity to do so.

The defendant testified that she had worked for Pinson for about nine years; that he looked out for her interests; that they handled business together; that she had $5000 of her own money, and Pinson went with her when she purchased the Cadillac; that she gave the money to A. C. Burton, a used-car lot operator, who explained to them that legal title to the car was in P. L. Burton, his brother, and would have to remain there for one year, the car not being in fact a used car; that she gave A. C. Burton the $5000 in a restaurant where the three persons involved were eating lunch, and he gave her back two or three hundred dollars and turned over to her the bill of sale for the Cadillac, dated October 25, 1950, in the name of P. L. Burton. The bill of sale was introduced in evidence together with: an application for registration certified by the Motor Vehicle License Unit, issued to P. L. Burton on May 19, 1951, and transferred to the defendant on October 1, 1951; transfer of license plates from P. L. Burton to the defendant on the same date; and tag registration in the defendant's name issued on January 7, 1952, together with owner service policy in the name of P. L. Burton, which the defendant testified was turned over to her with other papers when she purchased the automobile.

A. C. Burton testified on behalf of the defendant, but this testimony will not be considered, since the plaintiff offered proof of contradictory statements, and it is evident from the judgment rendered that the judge as trior of the facts considered the witness impeached and disregarded his statements. It

should be noted, however, that the testimony of this witness on the trial exactly coincided with that of the defendant, so that, if the court disbelieved the statements of the witness, this would necessarily reflect upon the credibility of the same statements when made by the defendant. *McDay* v. *Long,* 63 *Ga. App.* 421, 431 (11 S. E. 2d, 395).

It is thus seen that the plaintiff's claim that her husband was the owner of the automobile is based on circumstantial evidence —that immediately before its purchase he sent for the exact sum of money in cash for which the car was purchased, and immediately thereafter appeared in possession of the Cadillac and turned it over to his family to use; that he paid the repair bills for it; that the defendant was a confidential secretary who might be presumed to have kept papers for him in her possession or have had access to them; that he was present when the car was purchased, and that no transfer out of P. L. Burton, the admitted nominal owner, was attempted until October 1, 1951, when he was in a coma from which he never recovered.

The defendant's claim rests entirely upon her positive testimony that the money used to buy the automobile was her own, plus the circumstances that she had the papers to and physical possession of the Cadillac.

Neither the plaintiff nor the defendant was able to show any documentary evidence or written assertion of title until October 1, 1951, when Pinson was incapacitated. Both Pinson and the defendant were present when the purchase was made, but possession appears first in Pinson, who took the automobile to his home where it was used for over two months. It is presumed that title follows the possession of the property (*Haas & Howell* v. *Godby,* 33 *Ga. App.* 218 (3), 125 S. E. 897); and such purchase, followed by immediate possession, is sufficient to raise a presumption that the purchase was made by Pinson. Subsequent possession was shown to have been divided between the plaintiff and the defendant, but the defendant's possession of the property and also of the bill of sale and insurance papers was subject to explanation by the fact that she was Pinson's confidential secretary, that he customarily relied upon her to drive him around, and that she might therefore be presumed, under the circumstances, to have possession as Pinson's agent

rather than in her own right. If this were true, the defendant's act in registering the automobile in her own name was a fraud upon him from which she could derive no personal benefit. Fraud will never be presumed, but slight circumstances may be sufficient to carry conviction of its existence. Code, § 37-704. Even as to the defendant's testimony, some doubt was raised by cross-examination as to the circumstances surrounding the transfer of the application for license-tag registration, the defendant making contradictory statements as to when P. L. Burton signed the transfer certificate, and when and how she came into possession of it. The court was authorized to consider such testimony, where evasive, equivocal, and self-contradictory, in determining the credibility of the witness. Code, §§ 38-1803, 38-1806. "The interest of a witness in the result of the suit may always be considered in passing upon his credibility; and where there are circumstances inconsistent with the truth of his testimony, the jury are not obliged to believe him, even though he is not contradicted by any other witness." *Detwiler* v. *Cox*, 120 *Ga.* 638 (48 S. E. 142). The fact-finding tribunal has a greater discretion in exercising its judgment as to the credit of a witness who is a party to the cause, from the fact of his interest, than as to one whose interest is not involved. *Laramore* v. *Minish*, 43 *Ga.* 282; *Armstrong* v. *Ballew*, 119 *Ga.* 168 (2) (44 S. E. 996); *Fincher* v. *Harlow*, 56 *Ga. App.* 578, 580 (193 S. E. 452). Had the judge trying the case believed the defendant's testimony, he must necessarily have rendered a finding for the defendant. But the credibility of the defendant, and also that of the witness Burton who testified for her, were, under the circumstances of this case, matters within the province of the court, sitting as judge and jury, to determine.

It follows, therefore, that the judge of the superior court did not err in dismissing the petition for certiorari, since the evidence for the plaintiff was sufficient to support a finding that the automobile in question was a part of her husband's estate.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*