## 34703. HUDSON *v.* TAYLOR.

DECIDED JULY 14, 1953.

*A. W. Birdsong, Jr.,* for plaintiff in error.

*Raymond W. Martin,* contra.

TOWNSEND, J. ■ Code § 114-105 provides in part as follows: "No compensation shall be allowed for an injury or death due to the employee's wilful misconduct. . . or due to intoxication." It is here contended that the original award was properly set aside by the superior court, in that a finding was demanded that Hudson's death was the result of his intoxication. In support of this view, the employer testified that he had that morning found Hudson too drunk to work, and had told him to park the saw and get off the job; that he "could sleep it off, and when he got sober enough, he could come back and pick up his check" at the defendant's office at the mill; that, later in the morning, the defendant returned to see whether his orders had been carried out, and found Hudson under a tree, apparently sleeping; that about an hour after Hudson was killed his employer made a further examination and found the deceased had cut two more trees with the power saw after being laid off the job; that the second tree fell in the opposite direction from that intended, as shown by the cut, and crushed him; that it would not have crushed him had he remained by the saw, but that footprints in the earth wet from morning rain indicated he had run from the saw to the place where the body was found; that he was lying in a prone position with one arm extended toward a hollow stump, in which the defendant found a half pint of moonshine liquor partially consumed. He further testified that he had warned Hudson not to drink on the job, and had previously laid him off one day for drinking. The mill foreman testified, in corroboration, that the claimant had been drunk and sleeping in the shade about a week before, and the defendant had sent him home. This testimony, as well as that regarding the discovery of the bottle of liquor, were not considered by the hearing director, who stated he considered such evidence irrelevant. The director made no finding on the subject of intoxication, nor did the full board, in affirming the award, make any finding thereon. This evidence should have been considered and, if found credible, would have authorized a finding (1) that Hudson was intoxicated, and (2) that his intoxication was the proximate cause of his death. See *Gooseby* v. *Pinson Tire Co.,* 65 *Ga.*

*App.* 837 (16 S. E. 2d 767); *Klein* v. *Maryland Casualty Co.,* 79 *Ga. App.* 560 (54 S. E. 2d 277). On the other hand, such evidence would not be conclusive on this subject, as it is well known as a matter of judicial notice that timber cutters can get injured or killed by falling trees without the intervention of intoxicants; also, that where a person so injured is intoxicated, that condition alone is not sufficient to establish the fact that the injury or death was due thereto, since intoxicated employees can become injured or killed in the course of their employment due to causes other than intoxication. The burden here is on the defendant employer to show that such intoxication was the proximate cause of the death of the employee. *Parks* v. *Maryland Casualty Co.,* 69 *Ga. App.* 720 (26 S. E. 2d 562).

"Findings of fact by the State Board of Workmen's Compensation on the question of wilful misconduct or intoxication, and whether the wilful misconduct or intoxication of the deceased was the proximate cause of the accident, are conclusive and binding on this court when supported by the evidence." *Klein* v. *Maryland Casualty Co.,* supra, p. 562. Where, however, as here, it is evident from the record that the single director hearing the case disregarded pertinent testimony which, if sustained, would have constituted a perfect defense for the employer, and where it does not appear from the award of the full board affirming the award that such defense was considered, we feel that the action of the superior court judge in reversing and setting aside the same was proper. It was held in *Wilson* v. *Swift & Co.,* 68 *Ga. App.* 701 (23 S. E. 2d 261), that error on the part of the director in disregarding pertinent testimony in making his award, which testimony, if considered, would have authorized a contrary conclusion, is reversible. In *American Mutual Liability Ins. Co.* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d 295), it was held that, where the board makes a finding of fact which is supported by evidence, such finding will not be reversed, "although the board has made other findings of fact not essential to the judgment and not authorized by the evidence." The board here, however, made no finding whatever on the issue of whether the employee's death was caused by his intoxication. The only evidence raising this issue was that which the director, at the hearing, ruled out as irrelevant. The evidence was not irrelevant

and should have been considered. The failure to pass upon this issue indicates to us that the director was proceeding under the erroneous theory that this pertinent evidence bearing on intoxication of the employee was inadmissible, and, in doing so, he committed reversible error.

■ The award is not subject to reversal on the ground that a finding is demanded that Hudson was not an employee of the defendant at the time of his death. As stated in *Cooper* v. *Lumbermen's Mutual Casualty Co.*, 179 *Ga.* 256 (175 S. E. 577), not only may an issue of fact arise from contradicting evidence, but contrary implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain an issue of fact despite uncontradicted evidence in regard thereto. The finding of the director that Hudson was an employee was supported by facts and inferences as follows: that the employer did not tell him to leave the premises; that he was killed in the act of doing work which constituted a regular part of his employment, at a time and place where he would normally have been required to be; that the employer had had trouble with him on account of drunkenness on previous occasions but had not fired him, and had, on the contrary, let him "sleep it off"; that, if he was fired, neither the mill foreman nor anyone else was informed of this fact; and that, after his death, the employer paid his funeral expenses and paid his widow $1,000 in an attempt to settle the case (which settlement, however, was of course not binding in the absence of approval by the board). Further, the director had a right to consider that the sole testimony as to discharge came from the defendant, an interested party to the case. *Hinchcliffe* v. *Pinson*, 87 *Ga. App.* 526 (74 S. E. 2d 497); *Detwiler* v. *Cox*, 120 *Ga.* 638 (48 S. E. 142). While a man has an inalienable right to discharge an employee, with or without reason, nevertheless an incautious recognition of the exercise of that right immediately prior to an accident which would otherwise be compensable might well endanger the enforcement of the Workmen's Compensation law and expose it to possible fraud, and, for that reason, evidence of such discharge should be scanned with care. Where the fact-finding tribunal has entered an award notwithstanding such evidence, such an award should not be set aside

where there are any circumstances from which the question of what is the truth may remain an issue of fact.

The judgment of the superior court is affirmed with direction that the Board of Workmen's Compensation determine the issue of fact as to whether or not, under the evidence adduced, the claimant was barred from recovery under the provisions of Code § 114-105.

*Gardner, P. J., and Carlisle, J., concur.*