19209. BELL *v.* PROCTOR.

ARGUED FEBRUARY 13, 1956—DECIDED APRIL 9, 1956.

*Homer S. Durden, Jr.,* for plaintiff in error.

*Price, Spivey & Carlton,* contra.

ALMAND, Justice. Mrs. Mary Proctor instituted a suit for the recovery of damages against her stepbrother, David Bell, because of personal injuries alleged to have been caused by the negligent driving by her husband of an automobile belonging to Bell, in which the latter was a passenger. She recovered a verdict, the defendant's amended motion for a new trial was denied, and that judgment was affirmed by the Court of Appeals. *Bell* v. *Proctor,* 92 *Ga. App.* 759 (90 S. E. 2d 84). We granted the defendant's petition for the writ of certiorari.

■ Error is assigned on the ruling of the Court of Appeals that the plaintiff, under all the evidence, was not guilty of a failure to exercise ordinary care. It is contended that the evidence demanded a finding that the plaintiff had an opportunity, after she discovered that the defendant and her husband were drinking

intoxicating liquor, to get out of the automobile, and that her failure to do so amounted to such a failure to exercise ordinary care as would bar a recovery. The evidence in this regard is fully set out in the opinion of the Court of Appeals, and shows that the plaintiff entered the car of Bell with her husband and two small children to go from Augusta to Swainsboro; that they left Augusta at night, and on the outskirts of Augusta the defendant and Proctor obtained some liquor, and as they drove away she smelled liquor on both of them; that the defendant, after driving a few miles, requested Proctor to start driving, but she did not see them drink any liquor while the car was parked, and after they passed through Waynesboro her husband was driving at a high and illegal rate of speed and ran off the highway, causing her injuries. In view of all the facts and circumstances of the case, we are of the opinion that the Court of Appeals did not err in holding that, whether or not the plaintiff, in the exercise of ordinary care, should have left the car with her two small children, was a question for the jury.

■ The trial judge, in charging the jury, instructed them as to the method of determining the preponderance of the evidence, and charged them all of Code § 38-107 except the provisions as to the witnesses' "interest or want of interest," and "the nature of the facts to which they testified." The Court of Appeals held that, though the better practice is to charge this Code section in its entirety, the failure to charge as to the interest or want of interest of the witnesses would not require a reversal, citing in support of this ruling *Georgia Power Co.* v. *Burger*, 63 *Ga. App.* 784 (1) (11 S. E. 2d 834), and *Vinson* v. *Citizens & Southern National Bank*, 208 *Ga.* 813 (5) (69 S. E. 2d 866).

In our opinion, neither of these cases supports the ruling of the Court of Appeals in the instant case. In the *Burger* case, the Court of Appeals, in holding that it was not error for the trial court to fail to give in charge this particular part of the Code section, stated that such failure did not require a reversal, since "the weight of the evidence being considered was not clearly dependent on that being given by the parties at interest." In the *Vinson* case, it was held that, when the trial judge undertakes to give in charge Code § 38-107, it is his duty to instruct the jury fully and completely with respect thereto, so far as is relevant to

the case. However, it was also held that, under the evidence in that case, it was not error to fail to give in charge the provision of this Code section as to the witnesses' "interest or want of interest," in that there was no material conflict in the testimony of the witnesses except as to one matter, and the witnesses who testified on that question had no interest in the verdict, and the parties who stood to receive practically the entire benefit growing out of the litigation did not testify.

Code § 38-1603, which makes competent to testify parties and witnesses in cases in which they had an interest, is a codification of the act of 1866 (Ga. L. 1866, p. 138). The preamble to this act recites that "the inquiry after truth in courts of justice is often obstructed by incapacities created by the present law, and it is desirable that full information as to the facts in issue . . . should be laid before the persons [jurors] who are to decide upon them, and that such persons [jurors] should exercise their judgment on the *credit* of the witnesses adduced for the truth of testimony." In *Laramore* v. *Minish,* 43 *Ga.* 282, at p. 287 it was said: "We think under a proper construction of this law that witnesses introduced under its provisions are lifted out of the general rule, and that the jury may exercise their *judgment* on the credit of such witnesses from the *fact of their interest,* irrespective of other impeachment or attack" (italics ours) ; and in *Penny* v. *Vincent,* 49 *Ga.* 473, it was held that juries have a larger discretion as to the credit they will give an interested party than in the case of witnesses who are not parties. In *Amis* v. *Cameron,* 55 *Ga.* 449 (3), it was held that, where witnesses are parties to the suit, whatever may be their numbers, opportunities, or means of information, the jury are the judges of the degree in which their interest affects their credibility. In *Gabbett* v. *Sparks,* 60 *Ga.* 582, 585, this court said that "ordinarily, either party, when sworn, goes to the jury not as a pure and disinterested witness; but the credibility of such party-witness is a question for the jury." In *Detwiler* v. *Cox,* 120 *Ga.* 638 (1) (48 S. E. 142), it was held that "The interest of a witness in the result of the suit may always be considered in passing upon his credibility; and where there are circumstances inconsistent with the truth of his testimony, the jury are not obliged to believe him, even though he is not contradicted by any other witness." See also *Armstrong* v. *Ballew,* 118 *Ga.* 168 (2) (44 S. E. 996).

In the instant case, the plaintiff was a guest passenger in an automobile belonging to her stepbrother. The negligence charged is against her husband, who, she alleges, was driving the automobile at the time of the accident, and that his negligence consisted in driving the car while intoxicated and at a high and illegal rate of speed. She sued her stepbrother not only for personal injuries, but for medical and hospital bills occasioned by reason of her injuries. On the trial, she was the only witness who was sworn, and testified in her behalf as to the alleged acts of negligence on the part of her husband. The defendant testified that he was asleep at the time of the accident, and all that he knew as to how it happened was what the plaintiff's husband told him a few days after the accident. In his answer the defendant alleged that, at the place of the accident, the highway made a sharp curve, and the accident was caused by an oncoming car failing to dim its lights and driving to the left side of the center of the road; that Proctor was blinded by the lights of the oncoming car, and to avoid a collision he drove the defendant's automobile off the pavement on the right side of the road, and as a result lost control of the car, which ran into a tree and then into a ditch. When called as a witness for the defendant, Proctor testified that he did not meet an oncoming automobile at the time of the wreck, and that there was no automobile that blinded him and caused him to drive off the road. The plaintiff testified that she made several complaints as to the method and manner in which the automobile was being driven. The defendant testified that he did not hear her make any such complaints.

It is apparent that Proctor, though sworn as a witness for the defendant, was the plaintiff's husband, and the suit was against her stepbrother. It is also noticed that the plaintiff testified that she had made complaint before the accident as to the manner in which the car was being driven, but the defendant denied that he heard her make any such complaint. In view of all the facts and circumstances of the case, we are of the opinion that the trial court erred in failing to charge the provision of Code § 38-107 as to interest or want of interest, and that such error requires the grant of a new trial.

■ Error is assigned on the ruling of the Court of Appeals that the trial court did not err in charging the law as to gross negli-

gence and slight care. It is apparent that the trial judge, in first charging on these questions, used the words "slight negligence" when he should have said "slight diligence," but in the latter part of the charge this confusion was cleared up; and, taking the entire charge on the subject of gross negligence, it does not appear that any injury was done to the defendant. We find no error in the ruling in this regard.

Under the ruling made in division 2 above, the Court of Appeals erred in affirming the judgment of the trial court.

*Judgment reversed. All the Justices concur. Hawkins, J., concurs in the judgment, but dissents from the ruling in the first divisions of the opinion.*

HAWKINS, Justice, concurring specially. I concur in the judgment of reversal for the reasons stated in the 2nd division of the opinion, but I dissent from the ruling in the 1st headnote and in the corresponding division of the opinion, for the reason that one who has a clear chance of avoiding the consequences of another's negligence by leaving an automobile in which he is riding as a gratuitous passenger, but voluntarily remains in the automobile knowing that it is being operated by one who is under the influence of intoxicating liquors, assumes the risk of any injury resulting from the negligent operation thereof by such driver, and is guilty of such negligent failure to avoid a known danger as will wholly defeat his right to recover. Code §§ 105-603, 105-1803; *Simmons* v. *Seaboard Air Line Ry.*, 120 *Ga.* 225 (47 S. E. 570); *Southland Butane Gas Co.* v. *Blackwell*, 211 *Ga.* 665 (88 S. E. 2d 6), and cases there cited; 38 Am. Jur. 845, § 171.