## LOUISVILLE & NASHVILLE RAILROAD CO. *v.* ROGERS.

1. A petition by a father against a railroad company for recovery of damages for killing his minor child is not open to general demurrer, in which petition it is alleged, that the plaintiff's minor child of the age of six years was killed by a freight-train while attempting to cross the railroad track at a point in a populous community where the public was accustomed at all times, day and night, to cross, and such travel of the public was so constant, open, and uninterrupted as to attract the attention of the defendant and its servants in operating trains; that the killing was the result of the negligence of the defendant— (1) in that the crew in charge of the train had a clear view of his minor child for a distance of six hundred feet before striking him, yet nevertheless continued to run the train at a reckless·rate of speed, to wit, sixty miles per hour; (2) that notwithstanding the locality where the child was on the track was populous and well traveled, to the defendant's knowledge, yet the crew in charge of the train failed, as ordinary care required, to keep a proper lookout ahead to discover the presence of persons upon the track; and (3) that the engineer and crew of the train, after discovering the presence of the child and its peril on the track, negligently failed to stop the train or adopt measures to save the child's life, but maintained the reckless speed of sixty miles per hour until after the child was stricken.

2. Where the law imposes a duty upon a railroad company to exercise ordinary care in the operation of its trains, and notwithstanding the exercise of such care an injury results to one who is upon the track, the company is not liable. An instruction that "the law imposes upon the railroad company a duty to keep a lookout and also a duty to run the train at such speed as it could by the exercise of ordinary care have prevented the injury" was not an accurate statement of the law. Its effect tended to impress the jury that the ordinary care, the exercise of which would exonerate the company, is such care as would prevent the injury.

3. In formulating rules for the jury's guidance in determining what weight they should give to the testimony of conflicting witnesses, after instructing them that they may take into consideration the witness's interest or want of interest, his bias, and his opportunity to know the facts about which he testifies, an instruction that the jury may believe that witness who has the best means of knowing the facts about which he testifies, and the least inducement to swear falsely, without a qualification that if the witnesses be of equal credibility, tends to mislead the jury into supposing that the court intends that such witness is to be believed in preference to other witnesses. The credibility of witnesses is for the jury and must be determined solely by them.

4. Other charges complained of were not open to the criticisms made against them.

AUGUST 17, 1911.

Action for damages. Before Judge Fite. Bartow superior court. July 16, 1910.

*Neel & Neel* and *D. W. Blair,* for plaintiff in error.

*Colquitt & Conyers,* contra.

EVANS, P. J. 1. H. B. Rogers sued the Louisville and Nashville Railroad Company for damages alleged to have been sustained because of the wrongful death of the plaintiff's minor child. The defendant demurred to the sufficiency of the petition, which is described in the first headnote. The court overruled the demurrer; and his ruling is in accord with the decisions in *Crawford* v. *Southern Railway Co.,* 106 *Ga.* 870 (33 S. E. 826), and *Shaw* v. *Georgia Railroad,* 127 *Ga.* 8 (55 S. E. 960).

2. The court charged the jury that "if the child was at a place where those in charge of the railroad train had reason to suspect or believe that some one might be on the track, or dangerously near thereto, then the law imposes upon the railroad company a duty to keep a lookout and also a duty to run the train at such speed as it could by the exercise of ordinary care have prevented the injury, or if by the exercise of ordinary care it could have prevented the injury, it would be liable." This excerpt is criticised as putting too great a burden on the company, in that it requires that it should have exercised such an ordinary care as would have prevented the injury. A railroad company is bound to exercise ordinary care in the operation of its trains, and the exercise of such care relieves it of liability for damages for injuries to persons other than passengers. The effect of the court's charge was that the company must exercise ordinary care to the extent of preventing the injury; whereas if the company exercises ordinary care in the opera-

tion of its train at the particular time and place, it meets all the requirements of the law, and if injury results notwithstanding ordinary care has been exercised, the company is not liable.

3. Exception is taken to the following instruction: "Then, gentlemen, in determining what weight you will give the evidence of the witnesses, any of them and all of them, you may look to them as they appear upon the stand, take their manner of testifying, their interest or want of interest in the case, their feeling, prejudice, bias, relationship to the parties and to the case, or anything of the kind that may appear from the evidence, and you may believe that witness or those witnesses who have the best means of knowing the facts about which they testify, and the least inducement to swear falsely; and with these rules determine what the truth of the evidence is, and let your verdict speak the truth as you may find it." In passing upon the credibility of a witness the jury may very properly take into consideration his feeling, interest, or want of interest, prejudice, bias, and opportunity of knowing the facts about which he testifies; yet there is no rule of law requiring the jury to believe that witness who has the best means of knowing the facts about which he testifies and the least inducement to swear falsely. As was remarked by Simmons, C. J., in *Hudson* v. *Best,* 104 *Ga.* 131 (30 S. E. 688): "Such a witness may for other reasons be entirely unworthy of belief; and certainly it would not then be the duty of the jury to believe him.". The credibility of witnesses is a question solely for the jury, and they should not be instructed that the testimony of a witness should be preferred because of his opportunity for knowing the facts and because he has the least inducement to falsify. In this case the plaintiff introduced an eye-witness to the casualty, upon whose testimony he largely depended for a recovery; he was accompanying the child who was killed, and according to the record apparently had no interest in the case. The company largely relied on its employees. Under such circumstances we think the charge was harmful. *Southern Mutual Insurance Company* v. *Hudson,* 113 *Ga.* 434. (38 S. E. 964).

4. Other charges complained of were not open to the criticisms made against them.

*Judgment reversed. Beck, J., absent. The other Justices concur.*