NASHVILLE, CHATTANOOGA & SAINT LOUIS RAILWAY v. PARIS.

EVANS, P. J. 1. In an action of trespass to land alleged to be located in a county of this State contiguous to the State of Tennessee, where the plaintiff's testimony tends to show that the land is located in Georgia and embraced in her muniments of title conveying land as located in Georgia, and the defendant offers evidence tending to show that the land alleged to be trespassed on is not located in Georgia, but is situated in the State of Tennessee and embraced in a deed to the defendant, in which it is described as situated in the State of Tennessee, it is error for the court to decide the issue of fact and instruct the jury that the plaintiff is entitled to recover.

2. It is erroneous to instruct the jury that they "may believe that witness or those witnesses who have the best means of knowing the facts about which they testify and the least inducement to swear falsely," without a qualification that the witnesses in all other respects are found to be equally credible. L. & N. R. Co. v. Rogers, 136 Ga. 674 (71 S. E. 1102).

Judgment reversed. All the Justices concur..<br>NOVEMBER 20, 1912.

Action for damages. Before Judge Fite. Dade superior court. November 20, 1911.

Foust & Payne, for plaintiff in error.

W. U. & J. P. Jacoway and H. P. Lumpkin, contra.