## NASHVILLE, CHATTANOOGA. & ST. LOUIS RAILWAY
### *v.* HUBBLE.

1. It is error to instruct the jury that they "may believe that witness or those witnesses who have the best means of knowing the facts about which they testify and the least inducement to swear falsely," without a qualification that the witnesses in all other respects are found to be equally credible.

2. In an action founded on a statute authorizing a husband to recover for injuries to his wife, causing temporary loss of her society, and for expenses incurred in alleviating her injuries, testimony that the husband had expended a given sum of money during his wife's illness on account of her injuries is not objectionable on the ground that such amount embraced necessary subsistence for which the husband would have been liable independently of the wife's injury.

3. No motion was made to reject the interrogatories of a witness, when offered at the trial, on the ground that the commissioner who executed them was related to one of the plaintiff's counsel, whose compensation was dependent on a recovery. The evidence submitted on the motion authorized an inference that counsel for defendant had knowledge that the fee of plaintiff's counsel was contingent, and that the commissioner was related to him. It was therefore in the discretion of the court to refuse a new trial on this ground.

4. As another trial is to be had, it is unnecessary to notice the criticism, largely verbal, upon the court's summary of the defendant's contentions.

JANUARY 21, 1913.

Action for damages. Before Judge Fite. Dade superior court. January 1, 1912.

*Foust & Payne,* for plaintiff in error.

*B. T. Brock* and *J. P. Jacoway,* contra.

EVANS, P. J. Mrs. Hubble, the wife of the plaintiff, was a passenger upon the train of the defendant company. At a certain point on her journey in the State of Alabama the coach in which she was traveling was attached to another train. In making the coupling it was contended that the contact between the two sections of the train was so violent that she was precipitated from her seat, inflicting certain internal injuries. The husband brought suit against the company under an Alabama statute authorizing him to recover for the loss of services and his wife's society. The defendant denied that the plaintiff's wife was injured, or that it was negligent. The plaintiff introduced the interrogatories of his wife, to the effect that the two sections of the train were brought together with such force as to throw her from her seat into the aisle, injuring her ribs. Her testimony was very meagre

concerning her injury. It did not appear therefrom that she made any complaint at the time of her alleged injury. The defendant introduced the servants in charge of the train, who testified, some positively and some negatively, that the coupling was made in the usual manner, without sufficient force to throw the plaintiff out of her seat, and that on account of the back of the seat being towards the end of the coach where the coupling was made it was improbable that the injury could have occurred. The only other witness to the alleged injury was a passenger, who substantiated the plaintiff's wife as to the manner in which she claimed to have been thrown from her seat. The defendant further submitted testimony from several physicians, that an examination disclosed no fractured ribs, and that the internal injury complained of was not the result of any fractured ribs, but was a tubercular inflammation of the peritoneum. The jury returned a verdict for the plaintiff. A motion for new trial was overruled, and the defendant excepted.

1. The court charged as follows: "Then, gentlemen, in determining what weight shall be given the evidence of the witnesses, any of them, and all of them, you may look to them as they appear upon the stand, take their manner of testifying, their interest or want of interest in the case, their feeling, prejudice, bias, relationship to the parties and to the case, or anything of the kind that may appear from the evidence, and you may believe that witness or those witnesses who have the best means of knowing the facts about which they testify, and the least inducement to swear falsely, and with these rules determine what the truth of the evidence is." In determining where the preponderance of evidence lies the jury may consider many criteria in testing the weight and credit to be given to the conflicting testimony of witnesses. The code enumerates many of these elements, such as the interest or want of interest of the witness, the means and opportunity of knowing the facts about which the witness testifies, and the personal credibility of the witness so far as the same may legitimately appear from the trial. Civil Code, § 5732. In the instruction complained of, the court enumerates many elements which the jury may consider as criteria in passing on the credit of any or all of the witnesses in the case, and, after this enumeration, the jury are informed that they may believe that witness or those witnesses who have the best means of knowing the facts about which they testify,

and the least inducement to testify falsely; and the jury are told that this is one of the rules to ascertain the truth of the evidence. Manifestly this is not an accurate or a full statement of the rule. *L. & N. R. Co.* v. *Rogers,* 136 *Ga.* 674 (71 S. E. 1102); *N., C. & St. L. Ry.* v. *Paris,* 138 *Ga.* 864 (76 S. E. 357). As pointed out in the *Rogers* case, such a witness may for other reasons be entirely unworthy of belief; and certainly a jury should not give preference to a witness of this kind.

The circumstance that the instruction is so molded as to be permissive rather than mandatory, in directing a jury to give a preference to a certain witness or class of witnesses, does not purge it of its inherent fault. It is given to the jury as a rule for weighing evidence. Considered as a rule it is incomplete; it is deficient as defining any principle of the law of evidence. It simply conveys a permission to the jury that they may believe a particular witness or class of witnesses. It singles out a particular witness or class of witnesses and gives that witness or class undue predominance and favorable mention. Suppose the judge, after charging on the credibility of witnesses, should instruct the jury that they may believe the plaintiff, and stop right off. Would not this convey an implication that the court was of the opinion that the plaintiff was credible, and, as no intimation was made as to the testimony of other witnesses, that such others were not so highly regarded? It will not be contended that it would be in keeping with a fair and impartial administration of the law for a court to single out one witness by name, and instruct the jury that they may believe him. What is the difference between calling a witness by name and designating him by description?

This instruction was particularly harmful in the instant case. There was the sharpest conflict between the plaintiff and the defendant on the two main questions in the case, to wit: whether the plaintiff's wife was injured at all, and whether the defendant was negligent. The plaintiff's wife testified that the coupling was made with such force that she was thrown from her seat. The servants of the railroad testified that the coupling was made in the usual manner, with no more force than was customarily necessary to connect two parts of a train of cars, and that the plaintiff's wife could not have been thrown from her seat. All of the defendant's witnesses might be regarded by the jury as interested

on account of their service in the defendant's employment. The plaintiff offered, to sustain his wife's narrative of the transaction, a witness who apparently had no interest in the case. The defendant attacked his credibility by evidence tending to show that he was not on the train, but at another place at the time of the alleged injury; and that he had been convicted of the offense of illegally selling intoxicating liquor. His credibility was directly assailed, and yet the jury were informed that they could believe this witness, who apparently had no interest in the case and no inducement to swear falsely, and in such a way as to leave the impression that his testimony was to be preferred to the testimony of those who had a possible interest.

2. The action was founded on the law of Alabama, which permits a husband to recover for injuries to a wife, causing temporary loss of society, and also for expenses incurred in alleviating her injuries. In estimating his damages the husband was allowed to testify: "I can not state the amount of the doctors' bills exactly. I did not itemize them, and paid it along; did not take any note of it. I know that what money I had on hand when she got sick I had to use it for her. I only had about four hundred and fifty dollars when she was injured, and I spent that; am still behind some, about sixty dollars." The objection to this evidence was that the sum claimed to have been expended included her support and maintenance, which was an obligation of the husband independently of the injury. We think this objection was properly overruled.

3. Under the evidence submitted on the motion for new trial, the court was authorized to find that counsel for defendant knew at the trial that the plaintiff's counsel had a contingent fee. It was therefore not necessarily cause for new trial that the commissioner who executed the interrogatories of two of the plaintiff's witnesses was related to the plaintiff's counsel; no motion having been made on the trial to exclude the interrogatories on the ground of their execution by a disqualified commissioner.

4. Complaint is made that the court failed to accurately state the defendant's contentions; but as the case is to go back for a new trial, and the criticism largely relates to verbal expression, his honor will no doubt consider the same in formulating his instructions on the next trial.

*Judgment reversed. All the Justices concur.*