## WRIGHT *v.* WESTERN AND ATLANTIC RAILROAD CO.

1. It is error to instruct the jury that a plaintiff, who is not a servant of the defendant, can not recover for an injury occasioned by the negligence of the defendant, unless he is free from fault; and this error is not cured by the addition of the words "or could not by the exercise of ordinary care and diligence have avoided the injury to himself."

2. An instruction that if the plaintiff knew or ought to have known that the engine was approaching and was dangerously near, and undertook to cross the track, he can not recover, is an expression of opinion that it is negligence for a person to cross a track in front of an approaching engine which he knows or ought to know is dangerously near.

3. An informal request to charge on the subject of the duty of a person about to cross a railroad track to stop, look, and listen, without stating any legal proposition, was properly ignored.

4. An instruction that "you may believe that witness or those witnesses who have the best means of knowing the facts about which they testify, and the least inducement to swear falsely," is not a correct statement of the law, without a qualification that the witnesses in all other respects are found to be equally credible.

5. One of the issues in the case was the authority of the baggage-master to invite the plaintiff, who was a hackman, into the baggage-room. Testimony by a witness that he heard the agent in control of the baggage-room instruct the baggage-master to keep hackmen out of the baggage-room was not objectionable as hearsay.

6. "A charge to the effect that the testimony of a witness testifying positively is entitled to more weight than that of one who testifies

negatively is open to serious criticism, unless it embraces an instruction that the jury, in weighing the testimony of such witnesses, should consider and pass upon the question of their credibility."

                    JANUARY 23, 1913.

Action for damages. Before Judge Fite. Whitfield superior court. January 24, 1912.

*M. C. Tarver*, for plaintiff. *Tye, Peeples & Jordan* and *Maddox, McCamy & Shumate*, for defendant.

EVANS, P. J. The plaintiff was injured by the running of the cars of the Western and Atlantic Railroad Company, and sued for damages. He lost his case, and the court refused him a new trial. He was a hackman, and, on the invitation of the baggage-master, entered the baggage-room to warm until the arrival of the Western and Atlantic and Southern trains. He heard what he thought was the signal of the Southern train and hastened to reach his hack before its arrival. In order to reach his hack it was necessary to pass over the tracks of the Western and Atlantic Railroad Company, and as he was nearly across the track he was struck by the engine of that company and received certain injuries. The injury occurred within the municipality of Dalton; and he submitted evidence that the train was running much faster than permitted by the city ordinance. The tracks of the Southern and Western and Atlantic Railroad Companies are parallel with each other for some distance before reaching the depot, and pass on either side of it; the Southern taking the eastern side and the Western and Atlantic the western side of the depot. The plaintiff's hack was placed at the foot of Crawford Street on the western side of the depot. The track of the Western and Atlantic Railroad is between the place where the hack was stationed and the depot building. The southbound trains of both roads were late, and the Southern was marked on the bulletin board as due to arrive first. The plaintiff heard the Southern give the usual signal of approach, and was hurrying to get to his hack before its arrival. He did not see or hear the other train, and was struck by it as he was passing over the track. The evidence was conflicting as to whether the plaintiff was negligent in failing to observe the incoming train which injured him, and as to the rate of speed the train was running at the time he was struck, and as to whether the engine's bell was tolled as required by the city ordinance.

1, 2. Complaint is made of this instruction: "And I charge

you further, gentlemen, that if the defendant company was running its train in violation of an ordinance of the City of Dalton, this negligence would not authorize the plaintiff to recover, unless he was free from fault, or could not by the exercise of ordinary care and diligence have avoided the injury to himself. If the plaintiff knew that the engine was approaching, and was dangerously near, or ought to have known it, or could have known it by the exercise of ordinary care and diligence, and undertook to cross the track, knowing that the engine was approaching and dangerously near, then he can not recover; but if he did not know it, and was without fault, or could not have known it by the exercise of ordinary care and diligence, and the defendant company was at fault, then he can recover." The proposition stated in the first sentence. is put too strongly against the plaintiff. He was not an employee of the defendant. A person other than an employee, injured by the negligent running of the cars of a railroad company, is not obliged to show himself free from fault, to authorize a recovery of damages for the injury. The jury were told that the plaintiff could not recover on account of the defendant's negligence unless he was free from fault, or unless he could not have avoided the injury to himself by the exercise of ordinary care and diligence. This instruction was at least open to the criticism that it was confusing and misleading on one of the vital points of the case. Again, an instruction that if the plaintiff knew or ought to have known that the engine was approaching and was dangerously near, and undertook to cross the track, he can not recover, is an expression of opinion that it is negligence for a person to cross a track in front of an approaching engine which is dangerously near. It should have been left for the jury to say whether this constituted negligence, either barring a recovery of damages or reducing the amount recoverable. *R. & D. R. Co.* v. *Howard,* 79 *Ga.* 44 (3 S. E. 426); *W. & A. R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802).

3. The plaintiff's counsel requested the court to charge whether or not the plaintiff was bound to stop, look, and listen before crossing the track. The request was properly ignored, firstly, because no specific legal proposition was requested; and secondly, because what an ordinarily prudent man would do under the circumstances is a question for the jury. *A. & W. P. R. Co.* v. *Love-*

*lace,* 121 *Ga.* 487 (49 S. E. 607); *N., C. & St. L. Ry.* v. *Hubble,* ante, 300 (76 S. E. 1009).

4. The instruction that "you may believe that witness or those witnesses who have the best means of knowing the facts about which they testify, and the least inducement to swear falsely," is not an accurate statement of the law, without a qualification that the witnesses in all other respects are found to be equally credible. *L. & N. R. Co.* v. *Rogers,* 136 *Ga.* 674 (71 S. E. 1102); *Nashville &c. Ry.* v. *Paris,* 138 *Ga.* 864 (76 S. E. 357); *Nashville &c. Ry.* v. *Hubble,* ante.

5. It was competent to prove that the baggage-master had no authority to allow the plaintiff to enter the baggage-room. This was done by testimony of the agent who was in control of the depot. The testimony of another that he heard the agent instruct the baggage-master to keep hackmen out of the baggage-room is not objectionable on the ground of being hearsay.

6. The charge on the subject of positive and negative testimony is open to the criticism indicated in the 6th headnote. *Southern Railway Co.* v. *O'Bryan,* 115 *Ga.* 659 (42 S. E. 42).

                    *Judgment reversed.  All the Justices concur.*