## JONES *v.* HARRIS.

ATKINSON, J. In 1926 J. resided on a city lot which he had owned and on which he had continuously resided since 1889. H. owned an adjoining lot which she and her predecessors in title had successively occupied during all of the same period. J. erected a building for a garage at the rear of his lot, the south wall of which extended from the southeast corner of his lot, in a westerly direction, towards the street on which his residence fronted. From the west end of this wall a fence projected in the same westerly direction to a point opposite the south side of the residence. Along the north side of this fence there were certain valuable flowers and shrubbery which J. had planted and cultivated. With the situation as thus indicated, H. removed the fence, and proceeded to erect a wall from the west end of the south wall of the said garage building, that would extend westerly to a point opposite and near the south side of the residence of J. An action was instituted by J. to enjoin erection of the wall, on the ground that the proposed location thereof was over the dividing line on the property of J., and would cause him irreparable damage. The petition was sanctioned by the judge, who issued a restraining order, which was duly served. After service of the restraining order, H. yielded a few inches in the proposed location, and hastily erected the wall slightly further south on what she claimed was her lot. The wall so constructed was so high and close to the residence of J. as to prevent the closing of one of his window blinds. In accomplishing this work the shrubbery and fence were destroyed and identity of the exact location of the fence was rendered difficult. J. amended his petition so as to seek general damage for breaking his close and special damages for destruction of his

fence and shrubbery and injury to his dwelling by decreasing its value. The jury was instructed to find a special verdict by answering specific questions. The questions were not answered, but a general verdict was returned finding for the defendant. On this verdict a decree was entered. The plaintiff's motion for a new trial was overruled. The plaintiff's motion in arrest of judgment was also overruled. To both of these judgments the plaintiff excepted. *Held:*

1. This not being a proceeding to attach the defendant for a contempt of court or to recover punitive damages or for damages of any character on account of bad faith on the part of the defendant, testimony of the defendant, to the effect that upon the advice of her attorney after reading the restraining order she constructed the wall, was irrelevant.

2. The original petition was to restrain a trespass consisting of an unlawful entry and building a wall on the land of the plaintiff. As amended, its purpose is to restrain the defendant from maintaining the wall built on the land of the plaintiff in violation of the restraining order, and for damages for trespass quare clausum fregit.

3. There was no issue upon the question of the title of either of the parties to their respective lots, but the question at issue as made by the pleadings and evidence was the true location of the dividing line at the time of the alleged trespass. There were three theories relied on to establish the dividing line as contended by the plaintiff: (a) plaintiff's actual adverse possession of his lot for more than twenty years up to a line as marked by a fence existing at the time of his purchase; (b) acquiescence in said line by the plaintiff and by the defendant and her predecessors in title, each for seven years; (c) actual possession by plaintiff under a claim of right for more than seven years. While instructing the jury the court charged the contentions (a) and (b), but failed to charge the contention (c). The failure to charge such contention without request was error. Civil Code (1910), § 3822.

4. It was erroneous in this case to instruct the jury broadly that the controlling question was one of title. The ultimate result depended upon title; but in arriving at that result the controlling question at issue under the pleadings and evidence depended upon identification of the dividing line at the time of the alleged trespass.

5. An instruction, that, in passing upon the credibility of witnesses, "the rule is, you look to the interest of the parties, their means of knowing the facts they testify about, the reasonableness or unreasonableness of their testimony, how far their testimony is corroborated so far as you can judge it as twelve honest men, trying to get the truth of the case, imputing perjury to no witness if possible," is unduly restrictive. Civil Code (1910), § 5732; *Nashville, Chattanooga & St. Louis Railway* v. *Hubble*, 139 *Ga.* 300 (76 S. E. 1009); *Wright* v. *Western & Atlantic Railroad Co.*, 139 *Ga.* 343 (4) (77 S. E. 161); *Howell* v. *Clements*, 139 *Ga.* 441 (4) (77 S. E. 564); *City of Dalton* v. *Humphries*, 139 *Ga.* 556 (77 S. E. 790).

6. Under the pleadings and the evidence the court, without any request having been made therefor, should have given to the jury proper instructions upon the right of the plaintiff to recover for a trespass, and

should have stated the proper measure of damage relating to each of · the several elements of damages claimed by the plaintiff for the alleged trespass.

7. As a new trial will result from a reversal of the judgment, and on another trial the questions will not likely arise as to the form of the questions propounded to the jury for rendition of a special verdict and as to the decree of the court, no ruling will be made upon the assignments of error complaining of the form of the questions or upon the order overruling the motion to set aside the judgment.

*Judgment reversed. All the Justices concur.*

No. 7011. JANUARY 14, 1930.

*C. L. Shepard* and *Hall, Grice & Bloch,* for plaintiff.
*McKibben Lane* and *Wallace Miller,* for defendant.