BOATRIGHT *v.* SMITH *et al.*

No. 17478. Submitted May 14, 1951—Decided June 11, 1951.

162

*Memory & Memory,* for plaintiff.

*S. Thomas Memory* and *J. H. Highsmith,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ Special ground 1 of the motion for new trial complains of the admission in evidence of certain testimony of Alfred Smith. The exceptions pendente lite complain of the overruling of the plaintiff's motion to suppress the same testimony. The assignments of error are substantially the same.

Code § 38-1401 declares in part: "If any person shall desire to perpetuate the testimony of a witness, in anticipation of litigation not yet pending, and which it shall not be in his power to commence, he may make written application to the judge of the superior court."

The allegation in the application to take the testimony of Alfred Smith was that the applicant "has employed counsel to litigate the matter, but due to other pressing business, counsel will need at least 30 days to prepare the pleadings in said case." This allegation is insufficient to meet the requirements of the Code. The taking of testimony prior to the institution of a suit is authorized only when "it shall not be in his power to commence," and the absence of power to institute a suit is not shown by the mere pressure of business or the lack of information for essential allegations. Accordingly, the trial court erred in overruling the plaintiff's motion to suppress the testimony. In the light of this ruling, it becomes unnecessary to pass upon the question of whether the opposite party was properly served with a copy of the proceeding and order for the taking of the testimony.

The present case is distinguished by its facts from *Hardeman* v. *Ellis,* 162 *Ga.* 664 (11) 692 (135 S. E. 195), where, at the time of the taking of the testimony, it was not in the power of the applicant to commence the litigation.

■ Special ground 2 complains of the charge: "If the plaintiff has by evidence shown (which is for you to determine) that he has color of title, and that under such paper title he or his predecessors in title have been in bona fide possession of

said property up to the line claimed by him for a period of seven years, and that possession has been open, peaceable, notorious, and continuous, then the plaintiff would be entitled to recover in the case."

After giving the above charge, the court instructed the jury: "Constructive possession of land is where a person having the paper title to a tract of land is in actual possession of only a part thereof. In such a case, the law construes the possession to extend to the boundary of the tract. Hence, adjacent own-, ers may be in constructive possession of the same land, being included in the boundaries of each tract. In such case no prescription can arise in favor of either. . . The question for you to decide is what is the dividing line between the land of the plaintiff and the land of the defendants, there being no dispute as to title."

The language of the excerpt from the charge, when considered in connection with the entire charge, was not erroneous for any reason assigned.

Since, for the reason stated in the first division of this opinion, the trial court erred in overruling the plaintiff's motion to suppress the testimony of Alfred Smith, no ruling is necessary on whether the evidence was sufficient to support the verdict in favor of the defendants.

*Judgment reversed. All the Justices concur.*