KERCE *v.* BELL *et al.*

No. 17458. SUBMITTED MAY 14, 1951—DECIDED JUNE 11, 1951.

*Parker, Clary & Kent,* for plaintiff.
*Matthews, Owens & Maddox,* for defendants.

ALMAND, Justice. Mrs. George Kerce brought her petition to enjoin Mrs. Dera G. Bell and W. H. Bell from committing acts of trespass on her property. She alleged that she acquired her property in December, 1927, and subsequently erected a fence marking the northern boundary line between her lot and the lot then owned by her grantor, Mrs. Rose L. Johnston; and that she had been in public, continuous, exclusive, uninterrupted, and peaceable possession of the property south of said fence for more than 20 years. The defendants in their answer alleged: that they were the owners of the lot of land lying north of the plaintiff's lot; that they acquired title to their lot on April 9, 1949; that said lot was owned until 1945 by Mrs. Rose L. Johnston, the plaintiff's grantor; that the fence referred to in the

petition and the strip of land in dispute lie within the south line of the defendants' lot; and that they were the owners and entitled to the possession of said strip of land. On the trial a verdict was rendered in favor of the defendants, and the case is here on a writ of error assigning error on the overruling of the plaintiff's motion for a new trial as amended.

■ Special grounds 5, 6, 7, and 8, which complain of certain portions of the court's charge, may properly be considered together, because the primary complaint of error is the same in each ground, viz., that the court left only one issue for the jury to determine, and that was the question of title to the strip of land in controversy, whereas the controlling question, the plaintiff contends, was the determination by the jury of the correct and legal boundary line between the two coterminous property owners. The portions of the charge excepted to in these grounds are as follows:

"5. I charge you, gentlemen of the jury, in this case the burden of proof is upon the plaintiff, that is Mrs. Kerce, to show her title to the strip of land in question. Unless she proves by a preponderance of evidence, about which I have already charged you, that she is the owner of that strip, you should find in favor of the defendants. Now, gentlemen, that is the only question in this case for you to determine, is whether or not the strip of land in question is the property of the plaintiff, Mrs. George Kerce, or the property of the defendants, Mr. and Mrs. Bell. That is the only question for you to decide.

"6. Gentlemen, one further thing: In arriving and determining where the true and correct line is in this case, you may determine under this evidence whether the true and correct line is established by prescription, about which I have charged you; and if you arrive at it by the evidence of the deeds, the documentary evidence, you will determine where that line is under this evidence, gentlemen.

"7. Now, gentlemen, there is only one question in the case for you to decide. Put this question to yourselves: Is the strip of land under consideration that you viewed on yesterday the property of the plaintiff, Mrs. George Kerce; or does it belong to the defendants in the case, Mr. and Mrs. George Bell? That is the question for you to decide in this case, gentlemen.

"8. I didn't tell you the form of your verdict. In the event you find in favor of the plaintiff, the form of your verdict would be, 'We, the jury, find in favor of the plaintiff,' which would mean you find the strip of land under controversy is the property of the plaintiff. If you find in favor of the defendants, the form of your verdict would be, 'We, the jury, find in favor of the defendants,' which would mean you find the property under consideration and in controversy is the property of the defendants."

It is contended that the court, by so charging, told the jury that the sole issue was that of title, whereas the controlling issue was as to what was the correct boundary dividing line between the parties, and that the charge prevented the jury from considering the theories which the plaintiff advanced in her petition and supported by evidence, that she had title to the strip of land by reason of (a) adverse possession for 20 years; (b) acquiescence in the line by the plaintiff and by the defendants' predecessors in title for more than 7 years; (c) acts of possession under claim of right for more than 7 years, and (d) actual common boundary as shown by a hedge and fence.

If the portions of the charge complained of were considered in their separate contexts, there might be merit in the plaintiff's contention of error, but these excerpts must be considered with the whole charge with reference to the issues as made by the pleadings and the evidence. The plaintiff charged in her petition that the defendants were committing acts of continuous trespass on land owned by her. In their answer the defendants alleged that the two lots were once owned by a common grantor, and that the land in dispute was between the fence erected by the plaintiff and the correct dividing line described in the deeds of the plaintiff and the defendants; and they alleged that the strip of land upon which they were alleged to be trespassing was owned by them and not by the plaintiff. So the pleadings raised an issue as to who had title to the strip of land. In her pleading the plaintiff's claim of title was based on adverse possession by reason of the fence being maintained on the line between the two lots for more than 20 years. In support of this contention, the plaintiff introduced evidence that in the fall of 1928 she had planted a hedgerow and built a fence on the north-

ern boundary of her property, and had maintained the fence and hedge to the spring of 1948, when, on complaint of a predecessor in title of the defendants, she relocated a part of the hedgerow. It is thus seen that, before the jury could determine whether the plaintiff had title to the strip of land, they had to determine whether the boundary line had been fixed by reason of the hedgerow and fence being maintained on the line by the plaintiff in the fall of 1928 and claimed by her to be the correct line, and that she continued in possession of the line up to the hedgerow and fence for more than 20 years. Though the fixing of the correct boundary line was decisive on the question of title, both questions were at issue; that is, in order to determine the question of title, it was also necessary as a preliminary matter for the jury to determine the issue as to the correctness of the boundary line. The court, after charging the jury that the burden was upon the plaintiff to show her title to the strip in question, and that that was the only question to decide, in immediate connection therewith charged as follows: "So you will put this question to yourselves, gentlemen: Is the true and correct line between these properties where the plaintiff, Mrs. Kerce, contends it is; or is the true and correct line between these properties where the defendants, Mr. and Mrs. Bell, contend it is? When you have decided that, gentlemen, you have decided this case." In other parts of the charge, the court fully charged the law applicable to title by prescription, adverse possession, and establishment of boundary lines by coterminous proprietors. Considering the entire charge in the light of the issues made by the pleadings and the evidence, the portions of the charge excepted to are not subject to the objections urged in these grounds.

Counsel for the plaintiff in error contends that the portions of the charge excepted to were erroneous under the ruling in *Jones* v. *Harris*, 169 *Ga.* 665 (151 S. E. 343), wherein it was held that it was erroneous to instruct the jury broadly that the controlling question was one of title. We have examined the original record in that case, wherein the plaintiff sought to enjoin the defendant from interfering with the occupancy of land up to a line that the plaintiff claimed he had occupied adversely for more than 20 years; and the court expressly charged the

jury that the question for their decision was one of title, and nowhere did he submit to the jury the question as to the correctness of the boundary or inform them that the question as to title was dependent upon the establishment of a correct dividing line. This court, in holding that the trial court erred in instructing the jury that the controlling question was one of title, said: "The ultimate result depended upon title; but in arriving at that result the controlling question at issue under the pleadings and the evidence depended upon identification of the dividing line at the time of the alleged trespass." In the case at bar, after charging the jury that the only question in the case was whether the strip of land in question was the property of the plaintiff or the defendants, the court distinctly instructed them to first determine what was the true and correct line between these properties, and when they had decided that question it would be decisive of the question of title. Our view in this regard is strengthened by the case of *Sapp* v. *Odom,* 165 *Ga.* 437 (141 S. E. 201), which was a similar action between coterminous owners involving the correctness of the boundary line between property owners. In that case the court in its charge to the jury in effect withdrew the question of title to the land from their consideration, and confined them to a consideration of the question as to what was the dividing line between the plaintiff and the defendant, and this was held to be error. Taking the *Jones* and *Sapp* cases together, it is apparent that on the trial of such an action, where the ultimate question of title is dependent upon what constitutes a correct dividing line, it is error to charge the jury that the question of title is the sole issue, or to charge them that the determination of the correct dividing line is the sole issue, but it is proper to submit both questions to the jury. In the instant case, it is apparent that the jury were clearly informed by the court that, before determining the question of title, they must first determine what constituted the correct dividing line. We have examined the other cases cited and relied on by the plaintiff, and are of the opinion that they do not hold anything contrary to what we have held.

■ Special grounds 1, 2, 3, and 4 are mere elaborations of the general grounds, and will be considered with them.

The description of the respective lots in the deeds to the plaintiff, and to the defendants' predecessor in title from a common grantor, fixed a definite and ascertainable boundary line between the respective lots of the plaintiff and the defendants, and the provisions of Code § 85-1602, as to establishment of dividing lines between coterminous owners by acquiescence through acts and declarations for more than 7 years, have no application here. *Warwick* v. *Ocean Pond Fishing Club*, 206 *Ga.* 680 (58 S. E. 2d, 383). For the plaintiff to prevail, it was incumbent upon her to show by a preponderance of the evidence that for more than 20 years prior to the institution of her suit she had been in actual and continued possession of all of the property claimed by her up to the line marked by the hedge row and fence. Whether the plaintiff proved the essential factual elements of possession necessary to the establishment of a prescriptive title to the strip of land, was a question for the jury. *Flannery* v. *Hightower*, 97 *Ga.* 592 (25 S. E. 371); *Cochran* v. *Warlick*, 111 *Ga.* 396 (36 S. E. 762); *Moore* v. *Ensign-Oscamp Co.*, 131 *Ga.* 421 (3) (62 S. E. 229). On these issues of fact the evidence did not demand a finding in the plaintiff's favor. The trial judge therefore did not abuse his discretion in refusing to grant a new trial on the ground that the verdict was contrary to the evidence.

*Judgment affirmed. All the Justices concur.*