PRUITT *v.* LYNCH *et al.*

No. 17636. SUBMITTED OCTOBER 9, 1951—DECIDED NOVEMBER 14, 1951.

Bennett, Pedrick & Bennett, E. Kontz Bennett, and John W. Bennett Jr., for plaintiff.

T. J. Townsend, for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ The special grounds of the motion for new trial complain because the trial court charged the jury the law concerning title by prescription, and on the subject of acquiescence of adjoining landowners for seven years. Counsel for the plaintiff in error do not complain that the excerpts from the charge are not sound abstract principles of law, but the criticism is that there was no issue or evidence to support the charge, and that therefore the instruction was misleading and confusing to the jury.

While the defendants in their answer did not claim prescription by seven years' possession under color of title, or that acquiescence for seven years, by acts or declarations of adjoining landowners, had established a dividing line, nevertheless, where as here evidence has been submitted without objection relating to the same cause of action, which could have been authorized by an amendment to the pleadings, "the judge is authorized, but not required without request, to charge upon the issue thus made by the evidence." Jones v. Hogans, 197 Ga. 404, 412, (29 S. E. 2d, 568), and cases cited; Palmer v. Hinson, 201 Ga. 654 (3), (40 S. E. 2d, 526).

In the present case, each lot was supposed to contain 490 acres, but the evidence was conflicting as to whether a strip of land was left that was not included in either deed, as contended by the petitioner, or whether the deeds overlapped, as contended by the defendants. In such circumstances, the court, after fully instructing the jury on general principles of law, concluded that portion of his charge by saying: "Gentlemen, the question for you to decide is, what is the dividing line between the land of the plaintiff and the land of the defendants, there being no dispute as to title." The excerpts complained of, when consid-

ered in connection with the entire charge, were not erroneous for any reason assigned. *Boatright* v. *Smith,* 208 *Ga.* 158 (2), (65 S. E. 2d, 589). See also *Kerce* v. *Bell,* 208 *Ga.* 131 (1) (65 S. E. 2d, 592).

The instant case is distinguished by its facts from *Robertson* v. *Abernathy,* 192 *Ga.* 694, 698, (16 S. E. 2d, 584), where the undisputed evidence showed that there had been no cultivation or inclosure of the disputed tract, that it remained woodland, and that there was no act of possession thereon except the occasional cutting of timber, and where it was held that the court erred in instructing the jury on the law of a contention as to which there was no evidence, unless it was apparent that the jury could not have been misled.

■ The evidence, though conflicting, was sufficient to authorize the verdict finding that the correct boundary line between land lots 194 and 221 was the one contended for by the defendants, as shown on their plat.

*Judgment affirmed. All the Justices concur.*