21296.   HORN v. PRESTON *et al.*

CANDLER, Justice.   In 1948 H. B. Launius subdivided a tract of land in Walton County and on November 5, 1948, had a plat of it recorded in the office of the clerk of the superior court of that county in Plat Book 3 at page 188. The dividing line between lots 2 and 3 of the subdivision as located and

fixed by such plat begins at a designated point on Pinecrest Drive and runs south 12 degrees west 444 feet to a point on McDaniel Road. The subdivider conveyed lot 2 to Harry J. Horn on November 2, 1948, by a warranty deed which refers to such plat for its description. He conveyed lot 3 to Mrs. Gladys Thompson on November 20, 1948, by a warranty deed which also refers to the recorded plat for its description. Mrs. Thompson conveyed her lot 3 to John T. Preston and Mrs. Eleanor Preston by a warranty deed which likewise refers to the recorded Launius plat for its description. In 1951, Mr. & Mrs. Preston had E. M. Wayne, Jr., survey and make a plat of their lot. In locating the line between their lot 3 and Harry J. Horn's lot 2, he started his survey at the corner between the lots on Pinecrest Drive and ran south 16 degrees west 491 feet to a point on McDaniel Road and marked the line with two iron stakes when, according to the description between the lots in the deeds of the coterminous owners and the plat to which they referred, he should have started his survey at the corner on Pinecrest Drive and run south 12 degrees west 444 feet to a point on McDaniel Road. The Prestons on November 9, 1951, had Wayne's plat recorded in the office of the Clerk of the Superior Court of Walton County in Plat Book 3 at page 275. In 1960 Horn filed a suit against the Prestons and prayed that they be temporarily and permanently enjoined from trespassing on his property. Respecting the trespass complained of, his petition alleges that they had entered on the area of land between the line of lots 2 and 3 as fixed by the Launius plat and the line surveyed and marked for them by E. M. Wayne, Jr., in 1951 and marked the dividing line between lots 2 and 3 at the place fixed by the Launius plat and by the deeds to them from Launius, the subdivider. Horn based his right to the relief sought on the ground that the dividing line fixed by the Wayne survey had been acquiesced in by the parties for more than seven years by their acts and declarations, and in consequence thereof the line fixed by him had been established as the dividing line between their adjacent lots. By their answer the defendants admitted that they had set up some stakes between their lot 3 and the plaintiff's lot 2 on the dividing line fixed by the recorded plat of the Launius subdivision and by the deeds under which the parties acquired their respective title to each lot. On the

trial it was conceded that Horn owns lot 2; that the Prestons own lot 3; and that the Launius plat and the parties' deeds from Launius, the common grantor, fixed their dividing line as beginning at a point on Pinecrest Drive and running from that point south 12 degrees west 444 feet to a point on McDaniel Road, but Horn sought to show by evidence that their dividing line had been changed by their acquiescence for more than 7 years in the line Wayne surveyed and marked for the Prestons in 1951. When the introduction of evidence closed, the plaintiff and the defendants moved for the direction of a verdict in his and their respective favor and the court directed a verdict in favor of the defendants. The plaintiff moved for a new trial on the usual general grounds and later amended his motion by adding a special ground in which he alleges that the court erred in directing a verdict for the defendants since the pleadings and the evidence made an issue of fact for the jury to decide. He also timely moved for a judgment in his favor notwithstanding the verdict which the court directed in favor of the defendants. Both motions were overruled and the plaintiff excepted to those judgments. *Held*:

1. "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." *Code* § 110-104. But it is erroneous for the court to direct a verdict in favor of a particular party or parties to the cause unless there is no issue of fact, or unless the proved facts, viewed from every possible legal point, would sustain no other finding than the one so directed. *Norris v. Coffee,* 206 Ga. 759 (58 SE2d 812).

2. There is no merit in the contention that the court erred in directing a verdict in favor of the defendants. In *Kerce v. Bell,* 208 Ga. 131, 136 (65 SE2d 592) it was unanimously held by this court that, where the boundary line between coterminous owners who acquired their respective title from a common grantor is definite and ascertainable, *Code* § 85-1602, which provides for the establishment of a dividing line between coterminous owners by acquiescence for more than 7 years through acts or declarations of such owners, has no application. The parties to this litigation purchased his and their respective lot from a common grantor and by

deeds which fixed a boundary line between their adjacent lots at a definite and ascertained location; and since this is true, a verdict for the defendants was demanded by the evidence. See *Warwick v. Ocean Pond Fishing Club*, 206 Ga. 680 (58 SE2d 383), where it was pointed out that *Code* § 85-1602 refers to "establishing" and not "re-establishing" a dividing line between adjacent lands and where it was also unanimously held that if the dividing line between coterminous owners is established already the rule for establishing it by acquiescence is inapplicable. For another decision of this court which holds that before a dividing line between coterminous owners can be established either by acquiescence or by an executed oral agreement its location must be uncertain, unascertained or in dispute, see *Gee v. McDowell*, 209 Ga. 265 (71 SE2d 532). Hence, the court did not err, as plaintiff contends, in refusing to grant him a new trial on his amended motion therefor.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 10, 1961—DECIDED SEPTEMBER 7, 1961.

*James M. Roberts*, for plaintiff in error.
*Wm. L. Preston, A. M. Kelly*, contra.

*Judgment affirmed. All the Justices concur.*

