## 25071.  HOWELL v. BAYNES.

UNDERCOFLER, Justice.  As stated in the pre-trial order, "The sole issue involved in this case is [the] correct location of the dividing line between the parties." The jury found in favor of the plaintiff and the court entered judgment thereon permanently enjoining the defendant from trespassing on or otherwise interfering with the plaintiff's use and possession of the property in issue. The defendant appeals. *Held:*

1. The trial court charged the jury: "There has been introduced into evidence, gentlemen, two plats: one plat which plaintiff has introduced as being made by Mr. S. R. Fields. The plaintiff contends that the line as set forth and established on the Fields plat is the true dividing line between these parties. The defendant has introduced in evidence a plat made and prepared by Mr. Mack Meeks which she contends delineates thereon the true dividing line between her property and that of Mr. Baynes.

*"Gentlemen, you will have these plats out with you, they being in evidence, and you may in the form of your verdict determine by your verdict which of these lines as designated on these plats should be and which in your opinion under the evidence in this case is the true dividing line between these parties. The form of your verdict would be: 'We, the jury, designate such and such a line on such and such a plat as being the dividing line between the parties involved in this case.'"* (Emphasis supplied.)

Enumeration of error number 3 complains that the italicized portion of the charge was error as a matter of law because it limited the jury's finding to one of the lines shown on the plats when in fact the defendant's third defense and the evidence authorized another finding.  Such evidence was to the effect that the defendant had been in actual possession of a portion of the premises in dispute to a fence under a claim of right for more than seven years.

In our opinion the enumeration of error is meritorious.

The court properly instructed the jury: "Where actual possession has been held under a claim of right for more than seven years such claim shall be respected and the line so marked as not to interfere with such possession." *Code Ann.* § 85-1603.

However, the portion of the charge complained of by the ap-

pellant followed this charge and in our opinion limited the jury to finding one of the boundary lines on the plats as the true dividing line whereas the evidence would have authorized the jury to find the fence as the correct dividing line. *Jones v. Harris,* 169 Ga. 665 (3) (151 SE 343).

2. Enumerations of error 5 and 6 complain that the trial court erred in failing to charge *Code Ann.* §§ 85-407 and 85-401 et seq., pertaining to prescriptive title. There is no merit in these contentions. As stated in the pre-trial order, the only issue involved in the case is the location of the dividing line between the parties' property, and title was not in dispute. *Bennett v. Perry,* 207 Ga. 331 (1) (61 SE2d 501); *Brown v. Hester,* 169 Ga. 410 (150 SE 556).

3. Since the case is to be retried, the other enumerations of error need not be considered.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 10, 1969—DECIDED FEBRUARY 20, 1969—
REHEARING DENIED MARCH 6, 1969.

*Emmett O. Dobbs, Jr., Paul L. Lindsay, Jr.,* for appellant.
*G. Hughel Harrison, R. F. Duncan,* for appellee.