### 30914. JOHNSON et al. v. ERVIN et al.

NICHOLS, Chief Justice.

The Ervins filed an equitable complaint against Walter Johnson, John Johnson and E. P. Greenway in which a trespass by the Johnsons and a conspiracy between the Johnsons and Greenway to slander their title to real estate was alleged. The complaint sought an injunction, damages for cutting hay, punitive damages and the establishment of a dividing line between the parties. Greenway was dismissed as a party defendant on motion for summary judgment. The jury found for the plaintiffs and awarded $250 actual damages and $150 punitive damages. The defendants' motion for new trial was overruled and the present appeal filed.

1. The first and second enumerations of error complain of the allowance of an amendment to plaintiffs' petition after the call of the case for trial. The defendants contend that the amendment set forth a new claim. The amendment alleged the same facts as the original petition, but applied the doctrine of estoppel to those facts rather than the conspiracy theory alleged in the original pleadings. The trial court, after hearing, ordered the amendment filed subject to written objections by the

defendants. The amendment did not set forth a new cause of action and there was no error in allowing the amendment filed. *Brookshire v. J. P. Stevens Co.,* 133 Ga. App. 97 (210 SE2d 46) (1974).

2. The fourth enumeration of error complains of the admission of testimony of the defendants' witness on cross examination concerning an aerial photograph of the property. While plaintiffs' counsel was attempting to lay a foundation for the admission of the photograph, defendants' counsel objected. The photograph was not offered in evidence and no further questions were asked concerning the photograph. Under these circumstances there is nothing for this court to review. Code § 70-203.

3. The fifth and sixth enumerations of error contend it was error to rule out testimony of the defendants and a witness for the defendants as to alleged conversations with others as to the ownership of the land in dispute. On cross examination the witness for the defendant, when asked how he knew the Johnsons owned the property, testified that they had told him so. The defendant John H. Johnson attempted to testify as to conversations with plaintiffs' predecessor in title. Plaintiffs' objections to the admission of this testimony were sustained.

The testimony of the witness was clearly hearsay and was properly ruled out by the trial court. The testimony of Johnson, as to an agreement between himself and plaintiffs' predecessor in title, was sought to be admitted for the purpose of impeachment. There was no testimony as to any agreement between the parties by the witness sought to be impeached, and the trial court properly ruled out this evidence. These enumerations of error are without merit.

4. The seventh enumeration of error contends the trial court made an improper comment on the evidence. No objection was made on the trial of the case and such question may not be raised for the first time on appeal. See *Mitchell v. Gay,* 111 Ga. App. 867, 868 (143 SE2d 568) (1965).

5. The eighth enumeration of error complains of an excerpt of the charge of the court. The trial court charged on title by prescription. The defendants contend this was error because the plaintiffs, in answer to interrogatories,

stated that they were relying on their deed and plat and that the pleadings did not raise an issue as to title by prescription. The evidence showed that plaintiffs had been in open possession of the tract of land for ten years at the time of trial and that they had previously had litigation with another adjoining owner over this same tract of land. The evidence produced on the trial of the case authorized the charge and there is no merit in this enumeration of error. *Veal v. Robinson,* 70 Ga. 809; *Boatright v. Smith,* 208 Ga. 158, 162 (65 SE2d 589) (1951).

6. The ninth enumeration of error complains of an excerpt of the charge wherein the trial court instructed the jury on fraud. The charge was included in an instruction on estoppel and was authorized by the evidence. This enumeration of error is without merit.

7. The third and tenth enumerations of error complain of the trial court's failure to direct a verdict for the defendants and the overruling of their motion for new trial on the general grounds. The evidence was sufficient to authorize the verdict and the trial court did not err in overruling the motion for new trial or in failing to direct a verdict for the defendants.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 9, 1976 — DECIDED APRIL 6, 1976.

*Thomas M. Jackson,* for appellants.
*Donald W. Huskins, D. D. Veal,* for appellees.