## 74876. JACKSON v. THE STATE.
(361 SE2d 26)

BIRDSONG, Chief Judge.

Sandy Jackson was convicted of burglary and sentenced to twenty years with ten to serve. He brings this appeal enumerating five asserted trial errors. *Held*:

1. Four of the five errors deal with the sufficiency of the evidence. The only evidence connecting Jackson to the burglary involved

a single thumb print appearing upon an envelope found at the scene of the burglary. The evidence that the thumb print was that of Jackson is not in dispute.

The State offered evidence that a young woman lived in the burgled apartment up until about two months before the burglary occurred. Instead of furnishing a change of address, the former tenant simply came by the apartment periodically and picked up her mail. About two weeks before the burglary, a letter from a local bank arrived at the apartment addressed to the former tenant. The apartment had a bank of mail boxes which could be opened from the front with a key but nothing could be placed in the individual boxes from the front unless the box was opened, i.e., there was no slot. The mailman placed mail in the individual boxes by opening a panel from the rear. The letter addressed to the former tenant had been removed from the mailbox by the present tenants about two weeks earlier and placed on a mantel in the apartment awaiting the pick up by the former tenant. On the morning of the day of the burglary, the letter remained in its original condition on the mantle, i.e., unopened. When the then-present tenants returned to the apartment, they observed the door kicked off its hinges, the apartment ransacked and some items of gold jewelry to be missing. The letter from the mantle had been torn open during the day of the burglary and was found lying on the floor. As indicated hereinabove, Jackson's thumb print was found upon the torn envelope. It was shown that Jackson was unknown to the occupants of the apartment or to the bank which had mailed the letter and apparently he did not work for the postal service.

Appellant Jackson contends that this evidence was insufficient to establish that the fingerprint was placed upon the envelope at the scene and at the time of the burglary. He also contends the evidence does not establish that any break-in was with the intent to commit a felony or to steal valuable items. See *Barnett v. State*, 153 Ga. App. 430 (265 SE2d 348); *Chester v. State*, 144 Ga. App. 717 (242 SE2d 356). Jackson also argues it was error to deny his motion for a directed verdict of acquittal. All his enumerations are based upon the asserted lack of proof that the fingerprint was placed upon the envelope at the place and time of the burglary. While Jackson advances certain hypotheses in support of his contentions, none is anything more than mere speculation or the barest of possibilities. Clearly, the State is not required to consider and refute every illogical or ridiculous extreme to prove it was probable that the crime was not committed by one other than the accused. *Zant v. Nelson*, 250 Ga. 152 (296 SE2d 590). It is manifestly clear that there was no reasonable opportunity for Jackson to have handled the envelope except within the confines of the apartment at the time of the burglary. Under such circumstances, the law is well established that fingerprint evidence

alone is sufficient to sustain a conviction for burglary. See *Duncan v. Stynchcombe*, 704 F2d 1213 (11th Cir. 1983); *Glover v. State*, 149 Ga. App. 369 (254 SE2d 492). Likewise viewing the evidence in the light most favorable to the prosecution, a rational trier of fact would be warranted in finding the essential elements of the crime beyond reasonable doubt, not only reason enough to sustain the conviction (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)) but also ample reason to deny a motion for directed verdict of acquittal. *Wright v. State*, 253 Ga. 1, 3 (316 SE2d 445). Lastly, being satisfied there was sufficient evidence to connect Jackson to the burglary, we are likewise satisfied that considering the forcible break-in, the theft of items of value and the general ransacked condition of the apartment, the evidence was compelling that entry into the apartment was with the intent to commit a theft. *Parrish v. State*, 141 Ga. App. 631 (234 SE2d 174).

2. In his fourth enumeration of error, Jackson contends the trial court in effect aided in the prosecution by instructing the State in the proper method to introduce certain incriminating evidence. In the first place, we observe the episode to which the complaint is directed occurred in the absence of the jury and during a general discussion with counsel as to the admissibility of the evidence following an objection thereto by the defense. It is the accepted law of this state that where comments to counsel during a legal argument are nothing more than the assignment of a reason for a ruling, such conversation does not amount to an expression of opinion nor comment upon evidence. Our examination of this colloquy shows no attempt to or effect of directing the prosecution in the presentation of its case. See *Johnson v. State*, 246 Ga. 126 (269 SE2d 18); *Mathis v. State*, 171 Ga. App. 620 (320 SE2d 861).

More importantly, throughout the entire colloquy, in which counsel for Jackson fully joined, no objection was made nor was a motion for mistrial made on the trial of the case to a comment of the trial court, the contention that such comment was improper may not be raised for the first time on appeal. *Johnson v. Ervin*, 236 Ga. 605 (225 SE2d 21); *Pritchard v. State*, 225 Ga. 690 (171 SE2d 130). There being no merit to any of the several enumerations of error, we find no reason for ordering a new trial.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 9, 1987.

*Robert B. Royce*, for appellant.
*Spencer Lawton, Jr., District Attorney, D. Suzanne Phillips, As-*

*sistant District Attorney*, for appellee.